Docket No. 01-B-15472 (SMB)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of

BEST PAYPHONES, INC.,

Debtor

BEST PAYPHONES, INC.,

Appellant,

    -against-

VERIZON NEW YORK, INC.,

Appellee

DESIGNATION OF RECORD AND STATEMENT OF ISSUES

MAYNE MILLER

21-55 45th Road
Long Island City, New York
P.O. Box 8050, G.P.O.
New York, NY 10116
(718) 472-1900
Attorney for Appellant

To: Arnall Golden & Gregory
171 17th Street NW, Suite 2100
Atlanta, GA 30363
(404) 873-8500
Attorneys for Appellee

United States Trustee's Office
33 Whitehall Street
New York, NY 10004
(212) 510-0500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of

BEST PAYPHONES, INC.,

                               Debtor

Case No. 01-B-15472 (SMB)

BEST PAYPHONES, INC.,

                             Appellant,

   -against-

VERIZON NEW YORK, INC.,

                             Appellee

Chapter 11

DESIGNATION OF RECORD AND
STATEMENT OF ISSUES

## DESIGNATION OF RECORD AND STATEMENT OF ISSUES

      Pursuant to Fed.R.Bankr.P. 8006, the Debtor in the above-entitled case and Appellant herein appealing from the Order of the Bankruptcy Court entered November 4, 2005, designates the following documents and transcripts for inclusion in the Record on Appeal.

      1. Proof of Claim of Verizon Communications, Inc.

      2. Debtor's Objection to Verizon's Proof of Claim

      3. Verizon's Response to Debtor's Objection to Proof of Claim

      4. Decision and Order of the Hon. Gerard E. Lynch, Judge of the U.S. District Court, November 21, 2005

      5. Opinion and Order of the Hon. Gerard E. Lynch, Judge of the U.S. District Court, March 14, 2006

      6. Stipulation of Settlement in Article 78 Proceeding (Albany County Supreme Court, Index No. 3464/03)

      7. Draft of Stipulation of Settlement in Article 78 Proceeding, September 16, 2003 (Verizon's Exhibit 18)

      8. Draft of Stipulation of Settlement in Article 78 Proceeding, September 16, 2003, 3:07 PM (Verizon's Exhibit 1)

      9. E-mail from Diane Dean to Thomas Farrelly, September 17, 2003, 11:49 AM

p. 3

(Verizon's Exhibit 2)

10. E-mail from Darryl Laddin to Diane Dean, September 17, 2003, 3:24 PM (Verizon Exhibit 3)

11. E-mail from Diane Dean to Michael Chaite, September 18, 2003, 11:00 AM, with blue text (Verizon's Exhibit 4)

12. E-mail from Darryl Laddin to Diane Dean, September 18, 2003, 12:12 PM (Verizon's Exhibit 5)

13. E-mail from Diane Dean to Darryl Laddin, September 18, 2003, 12:23 PM (Verizon's Exhibit 6)

14. E-mail from Thomas Farrelly to Diane Dean, September 18, 2003, 1:11 PM (Verizon's Exhibit 7)

15. E-mail from Diane Dean to Thomas Farrelly, September 18, 2003, 1:18 PM (Verizon's Exhibit 8)

16. E-mail from Diane Dean to Thomas Farrelly, September 18, 2003, 1:50 PM (Verizon's Exhibit 9)

17. E-mail from Thomas Farrelly to Diane Dean, September 18, 2003, 2:24 PM (Verizon's Exhibit 10)

18. E-mail from Diane Dean to Thomas Farrelly, September 18, 2003, 2.39 PM (Verizon's Exhibit 11)

19. E-mail from Diane Dean to Thomas Farrelly, September 18, 2003, 2:59 PM (Verizon's Exhibit 12)

20. E-mail from Diane Dean to Thomas Farrelly, September 18, 2003, 3:02 PM (Verizon's Exhibit 13)

21. E-mail from Darryl Laddin to Diane Dean, September 18, 2003, 4:58 PM (Verizon's Exhibit 14)

22. E-mail from Darryl Laddin to self and others, September 18, 2003, 6:02 PM,

p. 4

with proposed Stipulation of Settlement of Article 78 Proceeding attached (Verizon's Exhibit 15)

23. E-mail from Diane Dean to Darryl Laddin, September 19, 2003, 9:24 AM (Verizon's Exhibit 16)

24. Stipulation of Settlement of Article 78 Proceeding with separate signature pages (Verizon's Exhibit 17)

25. Letter of Charles Ryans to Hon. Stuart M. Bernstein, August 12, 2005 (Verizon's Exhibit 19)

26. Letter from Verizon to Hon. Stuart M. Bernstein, June 14, 2004

27. Letter July 14, 2006 (Debtor's Exhibit A)

28. Order Directing the Filing of a Response to the Debtor's Objection to the Claim of Verizon New York, Inc., October 20, 2003

29. Order on First Part of Debtor's Objection to Claim of Verizon New York, Inc., May 4, 2005

30. Order (1) on Motion of Verizon New York, Inc. to Dismiss Claims and (2) Fixing Deadlines and Scheduling Final Pre-Trial Conference in Connection with the Debtor's Claims of Alleged Gross Negligence against Verizon New York, Inc., November 4, 2005

31. Opinion Resolving Debtor's Objection to Claim No. 12 of Verizon new York, Inc., November 4, 2005

32. Order Concluding Debtor's Objection to the Claim of Verizon New York, Inc., November 4, 2005

33. Post-Trial Findings of Fact and Conclusions of Law, October 17, 2007

34. Order and Opinion of Hon. Stuart M. Bernstein, November 5, 2007

35. Transcript of trial, August 22, 2007

Designation of Items in record from Prior Appeal Repeated for Reference:

36. Voluntary Petition—Chapter 11.

37. Amended Schedules and Statement of Financial Affairs.

p. 5

38. Confirmed Plan of Reorganization, declared effective Feb. 2, 2003.

39. Transcript of Hearing, January 27, 2004.

40. Transcript of Hearing, March 30, 2004.

41. Transcript of Hearing, April 1, 2004.

42. Transcript of Hearing, May 11, 2004.

43. Transcript of Hearing, June 16, 2004.

44. Transcript of Hearing, September 9, 2004.

45. Transcript of Hearing, November 22, 2004.

46. Transcript of Hearing, March 8, 2005.

47. Transcript of Trial, April 20, 2005.

48. Exhibit A—Local Usage Discount Plan ("LUDP") Presentation Package.

49. Exhibit D—NYNEX Letter, February 1, 1996.

50. Exhibit E—LUDP (commitment letter) signed February 23, 1996.

51. Exhibit T—Transcript of telephone conversation among Michael Chaite, Linda Klein, Tirza Johnson, Jan. 4, 1996.

52. Exhibit 11—Letter from Ed Nicholas at Public Service Commission ("PSC"), July 31, 1997.

53. Exhibit 12—Notes of PSC staff (July 31, 1997)

54. Exhibit U—Letter of M. Chaite to Bell Atlantic, December 17, 1998.

55. Exhibit K—Letter of Robert Slevin at Bell Atlantic to M. Chaite, December 8, 1998.

56. Exhibit M—Letter of Linda Klein at Bell Atlantic to M. Chaite, December 18, 1998.

57. Exhibit L—Letter of Matt Paul at Bell Atlantic to M. Chaite, dated December 11, 1998.

58. Exhibit V—PSC decision on the Municipal Surcharge issue February 7, 2003.

p. 6

59. Exhibit G—Memo by L. Klein of Verizon, February 14, 1996.

60. Tariff No. 901 filed with New York Public Service Commission in effect in 1996, pages 81.3–81.7 by New York Telephone Company.

61. Exhibit Q—LUDP for Phone Management.

62. Exhibit P—LUDP for American Payphone Communications, Inc.

63. Exhibit H—Letter of Torrey at Verizon to Robert Brill, February 10, 1997.

64. Exhibit F—LUDP for Debtor with May, 1995 start date, unsigned by Verizon.

65. Exhibit 14—Letter of Matt Paul at Verizon to M. Chaite, Jan. 20, 1999.

66. Exhibit W—Letter of L. Klein at Verizon to M. Chaite, December 18, 1998.

67. Exhibit J—Letter of Putsay at Verizon (Bell Atlantic) to Singer at PSC, June 16, 1998.

68. Exhibit 4—Verizon tracking report for 1998–1999.

69. Exhibit 7—Letter of L. Klein at Verizon, October 7, 2002.

70. Exhibit 5—Invoices for (718) 901-0466, 2002 forward.

71. Exhibit 6—Records of local usage for Debtor's payphones listed on Verizon's Proof of Claim.

72. Transcript of conference call, January 4, 1999.

73. Transcript of Hearing, July 12, 2005.

74. Transcript of Hearing, September 13, 2005.

75. Affidavit of L. Klein on loss or destruction of records, June 17, 2004.

76. Supplemental Affidavit of L. Klein on loss or destruction of records, July 22, 2004.

77. Debtor's Notice of Discovery and Inspection of Documents, October 3, 2003.

78. Verizon's Response to the Debtor's Objection to its Proof of Claim, October 31, 2003.

79. Responses by Verizon to Debtor's Notice of Discovery and Inspection of

p. 7

Documents, November 5, 2003.

80. Verizon's First Request for Production of Documents, November 5, 2003.

81. Verizon's First Interrogatories, November 5, 2003.

82. Record Retention Policy of Verizon (Excerpt).

83. Order Fixing Deadlines for Completing Discovery and Scheduling Final Pre-trial Conference Regarding the Debtor's Objection to the Proof of Claim of Verizon New York, Inc., entered December 3, 2003.

84. Debtor's Answers to Interrogatories of Verizon, December 26, 2003.

85. Debtor's Response to Verizon's Document Demands, January 5, 2004

86. Debtor's Second Notice for Discovery and Inspection of Documents, January 27, 2004.

87. Debtor's Subpoena to Manhattan Telecommunications Corp., January 29, 2004.

88. Letter from Mayne Miller to Heath Vicente, February 17, 2004, on documents and defenses.

89. Debtor's Third Notice for Discovery and Inspection of Documents, April 9, 2004.

90. Responses by Verizon to Debtor's Second Notice of Discovery and Inspection of Documents, February 27, 2004.

91. Order (Revised) Fixing Deadlines for Completing Discovery and Scheduling Final Pre-trial Conference Regarding the Debtor's Objection to the Proof of Claim of Verizon New York, Inc., entered March 9, 2004.

92. Proposed Joint Pre-Trial Order, March 31, 2004.

93. Letter of Mayne Miller to the Hon. Stuart M. Bernstein, May 19, 2004, on the need for a discovery conference.

94. Letter of John Christensen to the Debtor, May 19, 2004, on the subject of documentation for dial-around compensation.

p. 8

95. Letter of Linda Klein to the Debtor containing calculations of LUDP credits, June 14, 2004.

96. Revised Proposed Joint Pre-Trial Order, June 16, 2004.

97. Letter of Charles Ryans to the Hon. Stuart M. Bernstein regarding affidavit of lost documents, July 28, 2004.

98. Transcript of Deposition of Linda Klein, October 19, 2004.

99. Motion by Verizon for Protective Order, November 19, 2004.

100. Order Regarding Debtor's Final Discovery Dispute in Connection with the Debtor's Objection to the Proof of Claim of Verizon New York, Inc., entered December 15, 2004.

101. Debtor's Objection to Verizon's Motion for a Protective Order, March 1, 2005.

102. Debtor's Subpoena of Linda Klein, April 12, 2005.

103. Debtor's Subpoena of Tirza Johnson, April 13, 2005.

104. List of Trial Exhibits and Witnesses presented by Debtor in letter to Heath Vicente, April 13, 2005.

105. Letter of Charles Ryans, Esq., to the Hon. Stuart M. Bernstein, Chief Judge of the Bankruptcy Court, dated April 29, 2005, identifying issues for the trial of the Debtor's Objection to the Proof of Claim filed by Verizon New York, Inc.

106. Order Allowing Proof of Claim of Verizon New York, Inc. in the amount of $35,307.76, entered May 5, 2005.

107. Notice of Appeal of Order Entered May 5, 2005.

108. Letter of Darryl Laddin to the Hon. Stuart M. Bernstein, May 9, 2005, deemed a motion to dismiss the Debtor's counterclaims against Verizon.

109. Letter of Charles Ryans to the Hon. Stuart M. Bernstein regarding document of setoff claims, July 11, 2005.

110. Letter of Charles Ryans to the Hon. Stuart M. Bernstein supporting proposed counter-order on Verizon's settlement proposal, July 18, 2005, with exhibits.

p. 9

111. Order Fixing Deadlines on Motion to Dismiss Debtor's Objection to Proof of Claim of Verizon New York, Inc., entered July 19, 2005.

112. Letter from Mayne Miller to Heath Vicente in opposition to Verizon's motion-letter to dismiss the Debtor's Objection, August 12, 2005.

113. Initial Disclosure by Verizon on Debtor's Gross Negligence Claim, September 23, 2005.

114. Letter from Mayne Miller to the Hon. Stuart M. Bernstein, September 23, 2005, regarding the substance of the Debtor's counterclaims against Verizon.

115. Initial Discovery of Debtor on Debtor's Dial-Around Compensation and Gross Negligence Claims, September 26, 2005.

116. Debtor's Response to "Reply Brief" of Verizon on dismissal of setoff claims, September 27, 2005.

117. Letter of Darryl Laddin to the Hon. Stuart M. Bernstein suggesting settlement of claim of $10,022.68 allegedly remaining, October 3, 2005.

118. Letter of Mayne Miller to the Hon. Stuart M. Bernstein regarding remaining claims, October 3, 2005.

119. Letter of Mayne Miller, dated October 4, 2005, to the Hon. Stuart M. Bernstein regarding Verizon's proposed Order based on the October 3, 2005, letter of its attorney.

120. Letter of Mayne Miller, dated October 27, 2005, to the Hon. Stuart M. Bernstein on the significance of the Public Service Commission Stipulation.

Appellant further states that it intends to present the following issues on the within appeal:

1. Whether the Stipulation of Settlement of the Article 78 Proceeding is ambiguous on the question of whether the amount of the Stipulation should be deducted from Verizon's Claim before or after offsetting the Debtor's setoff claims against Verizon.

p. 10

2. Whether the Stipulation of Settlement of the Article 78 Proceeding should be interpreted to provide for the application of the Stipulation amount after the quantification of the Debtor's setoff claims against Verizon and their deduction from Verizon's allowed Claim.

3. Whether the intent of the parties regarding the application of the Stipulation of SEttement of the Article 78 Proceeding before or after the deduction from Verizon's allowed Claim of the Debtor's setoff claims was accurately determined by the Bankruptcy Court.

4. Whether the intent of the attorney for the Public Service Commission was that the Stipulation of Settlement of the Article 78 Proceeding should be interpreted to allow the deduction of the Debtor's setoff claims from the allowed Claim of Verizon before the application of said Stipulation.

5. Whether the intent of the parties regarding the interpretation of the Stipulation of Settlement of the Article 78 Proceeding should control the application of said Stipulation in the Bankruptcy court.

6. Whether the fairness of the result should control the application of the Stipulation of Settlement of the Article 78 Proceeding in the Bankruptcy Court.

7. Whether the ability of the witnesses before the Bankruptcy Court to remember details of negotiations conducted by telephone and E-mail over changes in the language of the proposed Stipulation of Settlement of the Article 78 Proceeding should affect the determination of the parties' intent in interpreting said Stipulation.

8. Whether the ability of the witnesses before the Bankruptcy Court to remember details of negotiations conducted by telephone and E-mail over changes in the language of the proposed Stipulation of Settlement of the Article 78 Proceeding should affect the determination of the interpretation of said Stipulation.

9. Whether the Bankruptcy Court erred in not considering the opinion of the attorney for the Public Service Commission regarding the interpretation of the Stipulation of Settlement of the Article 78 Proceeding as revealed in the record at the trial.

p. 11

10. Whether the Debtor had the burden of proof regarding the interpretation of the Stipulation of Settlement of the Article 78 Proceeding with respect to changes in the proposed Stipulation that were required by Verizon.

11. Whether the Debtor had the burden of proof regarding the interpretation of the Stipulation of Settlement of the Article 78 Proceeding in a manner contrary to the Bankruptcy Court's prior ruling after the issue had been remanded for determination.

12. Whether the Stipulation of Settlement of the Article 78 Proceeding should be interpreted so as to affect the result of the Debtor's Bankruptcy Proceeding in view of testimony from Verizon that it was not intended to affect the outcome of the Debtor's bankruptcy case.

13. Whether the requirement in the Stipulation of Settlement of the Article 78 Proceeding of a final non-appealable order from the Bankruptcy Court can be satisfied until the Debtor's setoff claims against Verizon are fully resolved after appeal.

14. Whether the unanticipated bifurcation of the trial of Verizon's Claim against the Debtor and the Debtor's setoff claims against Verizon can affect the interpretation of the Stipulation of Settlement of the Article 78 Proceeding.

15. Whether the interpretation of the Stipulation of Settlement of the Article 78 Proceeding, with or without the voluntary reduction of Verizon's Claim, should be allowed to undermine the intent of the Debtor in electing to assert its claims against Verizon as setoffs against Verizon's Proof of Claim instead of commencing an Adversary Proceeding, after the deadline for commencing an Adversary Proceeding had passed.

16. Whether any language supporting of the Debtor's interpretation of the Stipulation of Settlement of the Article 78 Proceeding was stricken from the language of the final Stipulation in the course of negotiations over the language of the Stipulation.

17. Whether paragraph 2 of the Stipulation of Settlement of the Article 78 Proceeding is capable of any cogent interpretation.

18. Whether paragraph 2 of the Stipulation of Settlement of the Article 78

p. 12

Proceeding is capable of any cogent interpretation absent reference to the intent of all parties thereto and to later events in the Debtor's bankruptcy case.

19. Whether the Bankruptcy Court properly interpreted the word "total" in the Stipulation of Settlement of the Article 78 Proceeding.

20. Whether the Bankruptcy Court properly interpreted the words "final non-appealable order" in the Stipulation of Settlement of the Article 78 Proceeding.

21. Whether the reference to charges owed by Best Payphones to Verizon in the Stipulation of Settlement of the Article 78 Proceeding includes only the moneys eventually determined to be owed by the Debtor to Verizon or to include the maximum amount of charges allowed without any consideration of the Debtor's setoff claims that would reduce the amount of money owed to Verizon under its Claim in the Bankruptcy Court.

22. Whether the Stipulation of Settlement of the Article 78 Proceeding should be interpreted to preclude the Debtor from collecting on its setoff claims against Verizon for which the statute of limitations would prevent asserting those claims in any other tribunal.

23. Whether the contention of Verizon's witness that Verizon had claims that could be raised against the Order of the Public Service Commission after the expiration of the four-month statute of limitations for taking an appeal therefrom had expired renders his testimony less credible on the legal significance of the various changes in language to the proposed Stipulation of Settlement of the Article 78 Proceeding.

24. Whether the statement of Verizon's witness that the Stipulation of Settlement of the Article 78 Proceeding was intended to address only two figures precludes its application in any way that would affect the Debtor's rights to assert its setoff claims in the Bankruptcy Court.

25. Whether the unwillingness of Verizon to pay money directly to the Debtor at the time of the Stipulation of Settlement of the Article 78 Proceeding should affect the Debtor's right to receive the full amount of the payment agreed to in said Stipulation.

p. 13

26. Whether the application of the Stipulation of Settlement of the Article 78 Proceeding before the deduction of the Debtor's setoff claims against Verizon would be just and reasonable under New York's Public Service Law.

The following issues are restated from the prior appeal for reference:

1. Whether the Court properly found that the testimony of the witness Linda Klein was credible when it contradicted her prior statements in a recorded conversation and in documents and followed a history of her conflicting affidavits.

2. Whether Verizon discriminated against the Debtor by not sending a LUDP contract to the Debtor with a May 1, 1995 start date.

3. Whether Verizon discriminated against the Debtor, even if Verizon's policy was to start the LUDP on the first day of the month in which the customer first contacted Verizon regarding the Plan, by not starting the Debtor's Plan on May 1, 1995.

4. Whether Verizon had a policy of commencing the LUDP on the first day of the month in which the customer first contacted Verizon regarding the Plan.

5. Whether the Debtor could properly seek service from another provider in the period between August of 1995 and February of 1996 and whether a termination notice was required as a condition precedent.

6. Whether Verizon was obligated to inform the Debtor of the LUDP so that the Debtor could obtain the most economical service possible pursuant to regulations of the New York State Public Service Commission.

7. Whether Verizon breached the LUDP by assessing a charge on its monthly bills which was unlawful and by refusing to credit the amount of the overcharge within a reasonable time.

8. Whether Verizon breached its service contract with the Debtor by assessing a charge on its monthly bills which was unlawful and by refusing to credit the amount of the overcharge within a reasonable time.

p. 14

9. Whether Verizon breached its obligation of good faith and fair dealing by insisting on prompt payment of current charges while refusing promptly to credit the Debtor for admitted prior overcharges.

10. Whether Best terminated the LUDP in December, 1998, thereby eliminating Verizon's right to seek recoupment based on an annual true-up.

11. Whether Verizon was entitled to an annual true-up under the circumstances of the Debtor's case after 24 months.

12. Whether Verizon could seek any recoupment at all of attributed discounts under the LUDP during the last year that the Debtor received service under the Plan, according to the terms of the Plan providing for annualization of any shortfall in local usage.

13. Whether the Bankruptcy Court properly refused to admit into evidence documents and items proffered by the Debtor or gave sufficient weight and credibility to the items it did admit into evidence.

14. Whether the Bankruptcy Court properly refused to allow the Debtor to submit a post-trial memorandum specifying and supporting its objections to admissions of evidence, credibility of witnesses, and relevance of other issues.

15. Whether the Bankruptcy Court properly precluded the Debtor from seeking more discovery after Verizon had delayed compliance with the Debtor's original discovery demands.

16. Whether the Bankruptcy Court could release the sum of $25,285.08 from liability under the Debtor's unadjudicated setoff claims under the authority of its Stipulation with the New York State Public Service Commission before the requirement of a final, non-appealable Order had been satisfied.

17. Was the Debtor prejudiced by applying the $25,285.08 of the Stipulation before addressing the Debtor's counterclaims.

18. Whether a debtor can seek affirmative relief in an objection to a proof of claim

without converting the proceeding to an Adversary Proceeding and becoming liable to preclusion pursuant to any outstanding scheduling deadlines for commencing adversary proceedings.

19. Whether the Verizon tariff applicable to the Debtor's LUDP was the one in effect at the time the LUDP agreement was executed or the one in effect on the effective date of the LUDP.

20. Whether the terms of the Debtor's LUDP comply with the terms of the applicable Verizon tariff.

21. Whether the Debtor migrated to another carrier with sufficient speed after Verizon breached the LUDP and failed to cure said breach.

22. Whether there was any proof of competition among carriers such that the Debtor would have been able to migrate under commercially reasonable conditions.

Dated: New York, New York
November 26, 2007

/s/ Mayne Miller
MAYNE MILLER
21-55 45th Road, 2nd Floor
Long Island City, New York
Mail: P.O. Box 8050, G.P.O.
New York, NY 10116
(718) 472-1900
Attorney for Appellant