IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                                                     :

In re                                                            :

BEST PAYPHONES, INC.,                  :         Case No. 01-B-15472 (SMB)

                                                         Debtor.        :
---------------------------------------------------------------X
                                                                  :

BEST PAYPHONES, INC.,                  :

                                           Appellant,       :

       v.                                         :         Civil Action No. 08-2553 (GEL)

VERIZON NEW YORK INC.,              :

                                           Appellee.       :
---------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS APPEAL**

      Verizon New York Inc. ("Verizon") hereby submits this Memorandum of Law in support of its Motion to Dismiss Appeal.

### I.    Introduction

      Verizon respectfully requests that this Court dismiss the appeal (the "Appeal") filed by Best Payphones, Inc. ("Best") on November 15, 2007 in the Bankruptcy Court of the Southern District of New York, and docketed in this Court on March 14, 2008.  Best's litigation with Verizon has been pending for more than five years, and the parties have engaged in significant briefing, participated in numerous hearings in the Bankruptcy Court, and conducted two full evidentiary trials.  Throughout its disputes with Verizon (and throughout its bankruptcy case generally), Best has consistently missed filing deadlines, and the Bankruptcy Court and this Court have, on numerous occasions, shown compassion by granting Best's requests for

extensions. Consistent with its past conduct, Best has once again failed to comply with the filing deadlines in pursuing the Appeal, as it did with its last appeal in this Court (Civil Action No. 05-6531-GEL), and now seeks an extension from this Court to file its appellate brief – well after the time to file its brief expired.

Yet another extension of time simply is not warranted. Because, yet again, Best has failed to comply with the deadlines set forth in the Federal Rules of Bankruptcy Procedure, the Appeal should be dismissed.

## II.   Statement of the Facts

On October 23, 2001, Best filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Best's chapter 11 plan (the "Plan") was confirmed by the Bankruptcy Court on December 26, 2002. Under the Plan, all creditors are to be paid in full, and because the estate currently has enough money to pay all of its creditors, no creditor will gain from any litigation currently being conducted by Best. Rather, the only party to gain from the litigation is Best's sole shareholder.

The Final Order in Best's longstanding litigation with Verizon was entered by the Bankruptcy Court on November 5, 2007, following a full evidentiary trial. Best subsequently filed a Notice of Appeal on November 15, 2007, which was entered on this Court's docket on March 14, 2008. Although Best's brief was required to be filed by March 28, 2008, pursuant to Bankruptcy Rule 8009, Best's brief has not yet been filed.

By letter dated April 23, 2008 ("the Letter"), Best, for the first time, requested that this Court "allow the parties until the end of next week to agree on a briefing schedule and submit it to the Court." The Letter is attached hereto as Exhibit "A." The Letter states that Best's Attorney, George M. Gilmer, Esq., "recently became Best's attorney by virtue of its former

attorney, Mayne Miller, being granted a motion to withdraw…." Despite this representation, the Order in the Bankruptcy Court granting Mayne Miller's motion to withdraw was signed last year on November 21, 2007. (See Bankr. Court Docket, Doc. No. 750). The record also shows that Mr. Gilmer drafted a letter to this Court on February 3, 2008 stating that he was serving as counsel for Best. (See Bankr. Court Docket, Doc. No. 756).

This is not the first time that Debtor has found itself in this position. Best previously filed a Notice of Appeal with this Court regarding a different Order in this case. (See Civil Action No. 05-6531-GEL). In that appeal, nearly three months passed after the Notice of Appeal was filed before Best filed a motion for an extension. Best argued in that motion that its attorney did not receive notice of the docketing in a timely manner. See Exhibit "B". In an Order dated November 3, 2005, the Court reluctantly granted Best's Motion, noting that "the conduct of appellant's conduct in prosecuting this appeal has been sorely deficient." A copy of this Order is attached as Exhibit "B."

## II.    Argument and Authority

The Appeal should be dismissed for failure to comply with Bankruptcy Rule 8009. Rule 8009 provides, in relevant part:

(a) Unless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits:

(1) The appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007.

Best's Notice of Appeal was docketed in this Court on March 14, 2008. There is no local rule providing Best with additional time to file its brief, and the Court has not issued an Order specifying time limits that extend those provided in the Bankruptcy Rules. Despite the fact that Best has previously been in this same position in this same Court, Best has once again failed to

file its brief within the time provided by law – this time, despite having had more than <u>five</u> months after filing its appeal, and two months after retaining Mr. Gilmer as counsel, to prepare its brief.

The Court should dismiss the Appeal pursuant to Bankruptcy Rule 8001(a) for failure to comply with Rule 8009.  <u>See</u>, <u>e.g.</u>, <u>In re Tampa Chain Co.</u>, 835 F.2d 54 (2d Cir. 1987) (affirming district court's dismissal of appeal for appellant's failure to file brief pursuant to Rule 8009); <u>In re Roma Group, Inc.</u>, 165 B.R. 779 (S.D.N.Y 1994) (dismissing an appeal for the appellant's failure to file a transcript or a brief pursuant to Rule 8009).  Best's pattern of delay and the absence of any reasonable excuse, particularly, justify dismissal.  <u>See</u> <u>Adler v. Bancplus Mortgage Corp.</u>, 108 B.R. 435, 438 (S.D.N.Y. 1989) (dismissal appropriate where party never filed brief and failure to file was "only the latest in a long series of dilatory tactics.")

Best is no stranger to the appellate process or the Bankruptcy Rules – at least four other orders of the Bankruptcy Court were the subject of appeals prior to this Order – and Best has a history in the Bankruptcy Court and in this Court of failing to comply with deadlines and repeatedly requesting extensions.  As discussed above, Best previously missed its filing deadline under Rule 8009 in this same Court by nearly three months, and the court "[w]ith some hesitation," granted Best's motion to extend the time for filing. <u>See</u> Exhibit "B."  Another one of the appeals commenced by Best, Civil Action Number 03-4504-LAP, was dismissed by the Court sua sponte on July 25, 2003, due to Best's failure to file a designation as required by Rule 8006.

Best's failure to timely file its brief in this proceeding is simply a continuation of Best's long pattern and practice of indifference in prosecuting matters in this Court and the Bankruptcy Court that compels the dismissal of the Appeal, and a rejection of Best's "dog ate my

homework" excuses. The fact remains that Best filed its Notice of Appeal more than five months ago, and retained Mr. Gilmer as counsel more than two months ago.

Best's litigation with Verizon has been pending for more than five years, and has been the subject of repeated delays by Best. Best filed its Notice of Appeal on November 15, 2007, meaning that it has had more than five (5) months to prepare its brief. Verizon would certainly be prejudiced if Best is once again granted more time to litigate the same issues that have already been litigated multiple times. Verizon should not be burdened with more delays brought on by Best's total disregard for the rules of the Bankruptcy Court and this Court.

### IV.   Conclusion

For the foregoing reasons, Verizon respectfully requests that this Court dismiss the Appeal.


Dated:  April 25, 2008

                              Respectfully submitted,

                              ARNALL GOLDEN GREGORY LLP

                              /s/Darryl S. Laddin
                              Darryl S. Laddin (DL-5130)
                              Frank N. White (Georgia Bar No. 753377)

                              171 17th Street NW, Suite 2100
                              Atlanta, GA 30363-1031
                              (404) 873-8500

                              Attorneys for Verizon New York Inc.

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 25th day of April, 2007, I caused to be served the foregoing document by causing true and correct copies of same, enclosed securely in separate postage pre-paid envelopes, to be delivered by first class mail to the following:

      George M. Gilmer, Esq.
      943 Fourth Avenue
      Brooklyn, NY 11232


      /s/Darryl S. Laddin
      Darryl S. Laddin



**George M. Gilmer**
Attorney At Law

943 Fourth Avenue
Brooklyn, NY 11232
(718) 788-0100
FAX (718) 788-1611

<u>Via Fax 212-805-0436</u>[1]
Hon. Gerard E. Lynch
United States District Judge
Southern District of New York
500 Pearl Street, Room 900          April 23, 2008
New York, NY 10007

      Re:    *Best Payphones, Inc., Appellant, v. Verizon NY, Inc., Appellee*, 08-Civ-2553(GEL)
            *In re: Best Payphones, Inc.*, 01-B-15472 (SMB)

Dear Judge Lynch:

      I represent Best Payphones, Inc. ("Best") in the above-referenced matter. I recently became Best's attorney by virtue of its former attorney, Mayne Miller, being granted a motion to withdraw (for personal reasons) in the Bankruptcy Court.[2] Mr. Whalen from Your Honor's chambers had called me to inquire what Best's intentions were regarding this appeal. I have discussed the matter with Best's president and was advised that Best will go forward with the appeal. Verizon's attorney was then contacted, via e-mail, to address the issue of a briefing schedule. It was proposed that each side have 30 days for its initial brief and that Best be allotted two weeks to file a reply. I made this proposal in light of the fact that I am new to this matter and do not even have any of the documents that would be part of the record. Verizon's attorney, Mr. Laddin, e-mailed back yesterday: "I will review your request with my client and respond to you when I am in the office next week." Therefore, Best respectfully requests that the Court allow the parties until the end of next week to agree on a briefing schedule and submit it to the Court.

      Thank you for your consideration.

                                    Respectfully,

                                    George M. Gilmer, Esq. (GG-5497)

cc:    Darryl Laddin, Esq.

---

[1] Permission to send this letter via fax was obtained.

[2] Mr. Miller was never the attorney of record for this appeal. It is my understanding that his name was put onto the docket sheet by virtue of the appeal's clerk in the Bankruptcy Court inserting his name on the Cover Sheet that he in turn sent to the District Court.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re: BEST PAYPHONES, INC.,                :     Case No. 01-B-15472 (SMB)
                                            :
                         Debtor.            :
                                            :
------------------------------------------------------------x
BEST PAYPHONES, INC.,                       :
                                            :
                         Appellant,         :
                                            :     05 Civ. 6531 (GEL)
        -v-                                 :
                                            :     ORDER
VERIZON NEW YORK, INC.,                     :
                                            :     USDC SDNY
                         Appellee.          :     DOCUMENT
                                            :     ELECTRONICALLY FILED
------------------------------------------------------------x   DOC #: _____
                                                  DATE FILED: 11/8/05

GERARD E. LYNCH, District Judge:

     This appeal was entered on the docket on July 20, 2005, and to date, appellant has filed no brief. However, Fed. R. Bankr. P. 8009(a)(1) states that "[t]he appellant shall serve and file a brief within 15 days after entry of the appeal on the docket." Now, close to three months after its brief was due, appellant has moved for an extension of time to file its brief. Appellee has filed a motion to dismiss the appeal based primarily on appellant's failure to comply with Rule 8009(a)(1). With some hesitation, appellant's motion to extend time will be granted, and appellee's motion to dismiss will be denied.

     While courts have dismissed bankruptcy appeals based upon the failure to comply with Rule 8009(a)(1)'s filing deadline, see, e.g., In re Vega, 93 Civ. 0083, 1995 WL 254398 (S.D.N.Y. May 1, 1995), that deadline is not jurisdictional and dismissal for late filing is not mandatory. In re Tampa Chain Co., 835 F.2d 54, 55 (2d Cir. 1987); see also Rule 8009(a) (noting that deadline applies "[u]nless the district court . . . by order excuses the filing of briefs or specifies different time limits"); Rule 8001(a) (stating that "[f]ailure of an appellant to take any step other than filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which *may* include dismissal of the appeal" (emphasis added)).

     Here, while appellant's brief is long overdue, appellant's counsel claims that he did not, until recently, receive "notice of the docketing of the appeal from the clerk of the District Court." (Appellant's Mem. Supp. Mot. Extend Time at 3.) Whether or not that is the case, counsel represents that if the motion to extend time is granted, appellant's opening brief will be filed within fifteen days. (Appellant's Mot. Extend Time at 1.) Further, while the conduct of appellant's counsel in prosecuting this appeal has been sorely deficient, it does not appear that any undue prejudice to appellee will result if appellant's failure to file a brief on time is excused. (Appellee's Mem. Supp. Mot. Dismiss at 4; Appellant's Mem. Supp. Mot. Extend Time at 1, 4-

5.)

For the foregoing reasons, appellant's motion to extend time is GRANTED, and appellee's motion to dismiss is DENIED. It is further ORDERED that:

1. Appellant's opening brief shall be submitted no later than November 18, 2005. No further extensions will be granted.

2. Appellee's brief in opposition shall be submitted no later than December 5, 2005.

3. Appellant's reply brief shall be submitted no later than December 15, 2005.

SO ORDERED.

Dated: New York, New York
November 3, 2005

_____
GERARD E. LYNCH
United States District Judge