IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
In re                                                            :
                                                                 :
BEST PAYPHONES, INC.,                                            :   Case No. 01-B-15472 (SMB)
                                                                 :
            Debtor.                                              :
-----------------------------------------------------------------X
                                                                 :
BEST PAYPHONES, INC.,                                            :
                                                                 :
            Appellant,                                           :
                                                                 :
v.                                                               :   Civil Action No. 08-cv-2553 (GEL)
                                                                 :
VERIZON NEW YORK INC.,                                           :   **DECLARATION OF**
                                                                 :   **GEORGE M. GILMER, ESQ.**
            Appellee.                                            :
-----------------------------------------------------------------X

Pursuant to 28 U.S.C. § 1746, George M. Gilmer, the attorney for Best Payphones, Inc. ("Best"), declares that the following facts are true and correct, subject to the laws against perjury of the United States of America.

1. On March 14, 2008, the instant appeal was docketed as Unassigned and referred to Honorable Gerard E. Lynch.

2. The Docket Sheet reflects that on March 18, 2008, a notice was mailed to the "attorney(s) of record."

3. The attorney of record for Best on the Docket Sheet at that time was listed as Mayne Miller (*see* Docket Sheet Exhibit 1). However, Mayne Miller had filed a motion to withdraw as counsel for Best in the Bankruptcy Court which was granted before the transmission of the appeal from the Bankruptcy Court to this Court (*see* ECF #750 in 01-15472 Bankr. S.D.N.Y.).

4. I never received any notice from the clerk's office of this Court related to the docketing of the appeal, nor was I contacted by Mr. Miller (as of May 2 I receive ECF Notices).

5. Last week, the clerk's office of this Court was contacted and asked why Mr. Miller's name was put on the docket sheet and not mine. Robert Diaz of the division of the clerk's office that opens cases advised me that Mr. Miller's name and information was transmitted from the clerk's office of the Bankruptcy Court to this Court and not mine.

6. On Monday, April 21, 2008, Mr. Kevin Whalen called my office from the chambers of the Honorable Gerard E. Lynch asking me what Best intended to do with the appeal.

7. On April 22, 2008, Verizon's attorney, Darryl Laddin, was e-mailed to request Verizon's cooperation in setting up a briefing schedule. At 6:41 PM, Mr. Laddin responded: "I will review your request with my client and respond to you when I am in the office next week." At 6:47 PM a second e-mail was received from Mr. Laddin that stated: "I will be out of the office until Monday, April 28, and only checking e-mails periodically."

8. On April 23, 2008, I wrote a letter to Judge Lynch requesting until the following week to submit a briefing schedule in light of Verizon's responses on April 22, 2008 (*see* Exhibit A to Verizon's Memorandum Of Law In Support Of Motion To Dismiss Appeal).

9. On Friday, April 25, 2008, without contacting me after his second April 22, 2008 e-mail, Mr. Laddin filed a motion to dismiss Best's appeal for failure to comply with Bankruptcy Rule 8009. I advised Mr. Laddin that the alleged notice of motion was defective and he filed another document purporting to be a notice of motion on April 30, 2008, which I again notified him was defective.

10. Best filed its Objection to Verizon's perfunctory Proof of Claim, that was filed without supporting documentation, in the arbitrary amount of $75,000, which it was later forced to reduce to $35,307.76, on December 3, 2002 (*see* Dkt. No. 192 in 01-15472 Bankr. S.D.N.Y.). Verizon, only after being ordered by the Bankruptcy Court to do so on October 20, 2003 (*see* Dkt. No. 284), filed its Response to said Objection approximately eleven months later (*see* Dkt. No. 288).

11. Verizon caused additional delay by, among other ways, failing to comply with discovery demands and producing conflicting affidavits that required conferences (*see e.g.* Dkt. No. 420 in 01-15472 Bankr. S.D.N.Y. Transcript of Conference of September 9, 2004 pp. 4-5).

12. By virtue of the Bankruptcy Court's decision, Verizon is owed no money, although Verizon may owe Best money, and the delay in briefing after the docketing of the appeal will be minimal, especially when compared to Verizon's egregious delay in filing its Response to Best's Objection, which as noted above was approximately eleven months.

13. The appeal in 03-cv-4504 (LAP) was not pursued because the Order appealed from was not a final appealable order; and it related to a different creditor, not Verizon. Also, the Court had dismissed the appeal less than three weeks after the brief was due, without first contacting Best.

WHEREFORE, Verizon's motion to dismiss Best's appeal for failure to file its brief in accordance with Bankruptcy Rule 8009 should be denied and Best's request for an extension of 30 days to file its initial brief should be granted.

Dated: Brooklyn, NY
      May 19, 2008                                  /s/ George M. Gilmer
                                                    George M. Gilmer, Esq., (GG-5479)

ECF, RELATED

# U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:08-cv-02553-GEL

| | |
|---|---|
| In Re: Best Payphones, Inc.<br>Assigned to: Judge Gerard E. Lynch<br>Related Case: 1:05-cv-06531-GEL<br>Case in other court: USBC-SDNY, 01-B-15472 (SMB)<br>Cause: 28:0158 Notice of Appeal re Bankruptcy Matter (BA | Date Filed: 03/14/2008<br>Jury Demand: None<br>Nature of Suit: 422 Bankruptcy Appeal (801)<br>Jurisdiction: Federal Question |

**In Re**

**Best Payphones, Inc.**

**Debtor**

**Best Payphones, Inc.**

**Appellant**

**Best Payphones, Inc.**     represented by **Mayne Miller**
Mayne Miller, Esq.,
21-55 45th Road
Post Office Box 8050, New York, NY 10116
Long Island City, NY 10116
(718)472-1900
Email: waywilman@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Appellee**

**Verizon New York Inc.**     represented by **Darryl S. Laddin**
Arnall, Golden & Gregory, L LP
171 17th Street, Nw, Suite 2100
Atlanta, GA 30363
(404) -873-8120
Fax: (404) -873-8121
Email: bkrfilings@agg.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| | | |

| 03/14/2008 | 1 | NOTICE OF APPEAL FROM THE BANKRUPTCY COURT TO THE S.D.N.Y. from the Order of Judge Stuart M. Bernstein dated November 5, 2007. Bankruptcy Court Case Numbers: 01-B-15472 (SMB). Certified copies of file received.Document filed by Best Payphones, Inc.. Appellant Brief due by 4/1/2008.(bkbt) (Entered: 03/14/2008) |
|---|---|---|
| 03/14/2008 | 2 | DESIGNATION OF BANKRUPTCY RECORD ON APPEAL re: 1 Bankruptcy Appeal,. Document filed by Appellant Best Payphones, Inc.. (bkbt) (Entered: 03/14/2008) |
| 03/14/2008 | 3 | COUNTER DESIGNATION OF BANKRUPTCY RECORD ON APPEAL re: 1 Bankruptcy Appeal,. Document filed by Appellee Verizon New York Inc.. (bkbt) (Entered: 03/14/2008) |
| 03/14/2008 | | CASE REFERRED TO Judge Gerard E. Lynch as possibly related to 05-cv-6531. (bkbt) (Entered: 03/14/2008) |
| 03/14/2008 | | Case Designated ECF. (bkbt) (Entered: 03/14/2008) |
| 03/18/2008 | | Mailed letter to the United States Bankruptcy Court - Southern District of New York as notification of filing of Bankruptcy Notice of Appeal (Case Number: 01-B-15472.) with the U.S.D.C. - S.D.N.Y. and the assignment of S.D.N.Y. Case Number: 08-cv-2553 (UA). (laq) (Entered: 03/18/2008) |
| 03/18/2008 | | Mailed notice to the attorney(s) of record. (laq) (Entered: 03/18/2008) |
| 03/24/2008 | 4 | NOTICE OF CASE ASSIGNMENT to Judge Gerard E. Lynch. (mbe) (Entered: 03/26/2008) |
| 03/24/2008 | | Magistrate Judge James C. Francis is so designated. (mbe) (Entered: 03/26/2008) |
| 03/24/2008 | | CASE ACCEPTED AS RELATED. Create association to 1:05-cv-06531-GEL. Notice of Assignment to follow. (mbe) (Entered: 03/26/2008) |
| 04/25/2008 | 5 | MOTION to Dismiss *Appeal*. Document filed by Verizon New York Inc.. (Laddin, Darryl) (Entered: 04/25/2008) |
| 04/25/2008 | 6 | MEMORANDUM OF LAW in Support re: 5 MOTION to Dismiss *Appeal*.. Document filed by Verizon New York Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Laddin, Darryl) (Entered: 04/25/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 04/27/2008 18:48:32 | | | |
| **PACER Login:** | cr1728 | **Client Code:** | For PACER use only |
| **Description:** | Docket Report | **Search Criteria:** | 1:08-cv-02553-GEL |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |