```
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :
In re                                                   :
                                                        :
BEST PAYPHONES, INC.,                                   :   Case No. 01-B-15472 (SMB)
                                                        :
                    Debtor.                             :
------------------------------------------------------------------------X
                                                        :
BEST PAYPHONES, INC.,                                   :
                                                        :
                    Appellant,                          :
                                                        :
v.                                                      :   Civil Action No. 08-2553 (GEL)
                                                        :
VERIZON NEW YORK INC.,                                  :
                                                        :
                    Appellee.                           :
------------------------------------------------------------------------X
```

## MEMORANDUM OF LAW IN OPPOSITION TO VERIZON'S MOTION TO DISMISS

### Statement of Facts

Best Payphones, Inc. ("Best") filed a Notice of Appeal from an Order in the Bankruptcy Court for the Southern District of New York. On March 14, 2008, said appeal was docketed and the Docket Sheet reflects that notices were mailed to the attorneys of record on March 18, 2008. On said Docket Sheet, at that time, Best's attorney of record is listed as Mayne Miller. However, prior to the appeal being transmitted to this Court, Mr. Miller had moved to withdraw as counsel in the Bankruptcy Court. Said motion was granted. Best retained substitute counsel who appeared in the Bankruptcy Court prior to the appeal being transmitted to this Court. Apparently, the clerk of the Bankruptcy Court had inadvertently sent Mr. Miller's contact information along to this Court instead of Best's current attorney, George M. Gilmer. By virtue of this mix-up, Mr. Gilmer never received

1

the notice that the appeal had been docketed.

Mr. Gilmer was contacted by the chambers of the Honorable Gerard E. Lynch on Monday April 21, 2008, to find out if Best intended to pursue the appeal. The next day, Mr. Gilmer contacted Darryl Laddin, the attorney for the Appellee Verizon New York, Inc., to set up a briefing schedule. Mr. Laddin informed Mr. Gilmer that he would respond to his request the following week.

Notwithstanding Mr. Laddin's statement that he would respond the following week, and the fact that Mr. Laddin was aware of, or could have easily verified, the mix-up in the transmission of the incorrect attorney's information, Verizon filed a motion to dismiss the appeal on Friday, April 25, 2008, because Best's brief for the appeal was not filed by March 29, 2008 (*i.e.*, fifteen days after the appeal was docketed), in accordance with Bankruptcy Rule 8009. Mr. Gilmer immediately informed Mr. Laddin that Verizon's motion was defective. On April 30, 2008, Verizon filed a document that Mr. Laddin's office purported to cure the defect.

The subject of the appeal, whether or not Verizon should be able to keep funds it owes Best pursuant to a stipulation that it had entered into with Best in an unrelated proceeding without determining a setoff claimed by Best, is a matter related to public policy as it involves Verizon's tariff and New York State Public Service Law.

**Preliminary Statement**

Since Mr. Gilmer never received the notice from the clerk's office that the appeal had been docketed, the fifteen-day period prescribed in Bankruptcy Rule 8009 for the Appellant to file its brief never started to run. Even if Mr. Gilmer's name was properly transmitted from the clerk's office in the Bankruptcy Court, which it was not, and Mr. Gilmer did receive the notice from the clerk of this Court, which he did not, Mr. Gilmer contacted Verizon a little more than three weeks after the

Appellant's Brief was due. So, under the circumstances, even if Best's Appellant's Brief should have been filed on March 29, 2008, Verizon has experienced little, if any, prejudice. In fact, the only "prejudice" that Verizon could claim is that it could not realize a windfall by retaining $25,000 related to the stipulation without having to resolve Best's remaining setoff, which, as noted above, would be in violation of public policy - - as well as the terms of the stipulation itself.

Furthermore, Verizon's statements that Best has been dilatory are inaccurate and supported by little more than conclusory statements. In fact, it is Verizon that has been responsible for far greater delay than Best could even be accused of. Verizon did not file its Response to Best's Objection to its Proof of Claim until approximately eleven months after Best filed its Objection. And, during the course of discovery, Verizon failed to produce documents and filed contradictory affidavits that caused delay and unnecessary conferences. Verizon should also be held accountable for the delay caused by this unnecessary motion practice as it was aware that Mr. Miller's motion in the Bankruptcy Court to withdraw had been granted and knew, or should have known, either by the notice it was sent from the clerk's office or the ECF Notice it received regarding the docketing of the appeal, that it was Mr. Miller that was sent the docketing notice and not Mr. Gilmer.

## POINT I

### The Fifteen-Day Period For Best To File Its Appellant's Brief Never Began To Run

The time limitation for filing the initial Appellant's Brief in a bankruptcy appeal is set forth in Fed.R.Bankr.P. ("Rule") 8009(a), which provides that the "appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007". Rule 8007(b) requires that the clerk give prompt notice to all parties. Thus, "[T]he the fifteen-day period of Rule 8009(a)(1) is only triggered once the appeal has been docketed in the district court *and* notice of the docketing

of the appeal has been sent to all parties." *In Re: Enron Corporation* 475 F.3d 131, 134 (2d Cir. 2007)(Emphasis in the Original).

In the instant appeal, Best never received the notice from the clerk's office pursuant to Rule 8007(b) by virtue of the mix-up in the clerk's office in the Bankruptcy Court that lead to the improper docketing of Mr. Miller's name and contact information instead of Mr. Gilmer's name and contact information in the clerk's office in this Court. Therefore, just as in *In Re: Enron Corporation*, the appeal should not be dismissed because the notice of docketing was never received.

## POINT II

### The Appeal Should Not Be Dismissed In Any Event

Even if Best had received the notice of docketing from the clerk's office, the failure of an appellant to file a Brief within the 15-day period does not deprive the District Court of jurisdiction to entertain the appeal. *See, e.g., In re Frank Santora Equipment Corp.*, 227 B.R. 206 (E.D.N.Y. 1998), Thus, particularly in this Circuit, this Court is not obligated automatically to dismiss the appeal of a party which has failed to meet that deadline, but should exercise its discretion to determine whether dismissal is appropriate in the circumstances. *In re Tampa Chain Co., Inc., Balaber-Strauss v. Reichard*, 835 F.2d 54 (2d Cir. 1987), *citing In re Beverly Manufacturing Corp.*, 778 F.2d 666, at 667-68 (11th Cir. 1985), which provided that absent a showing of bad faith, negligence, or indifference, the court should exercise its discretion to allow the appeal to proceed. This principle that a delay in filing an appellant's brief is not a jurisdictional defect comports with Fed.R.Bankr.P. 8001(a), which provides: "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground for such action as the district court . . . deems appropriate". The district court should exercise its discretion after

consideration of all the circumstances in the case. *In re Michaelesco, Michaelesco v. Estate of Richard*, 288 B.R. 646, 650 (D. Conn. 2003).

In the instant appeal, Best contacted Verizon to get its consent to a briefing schedule the day after it received a call from Judge Lynch's chambers, which was only approximately three weeks after the Appellant's Brief would have been due if it had received notice of the docketing, which it did not, and Best wrote to the Court advising it of its efforts a day after contacting Verizon.

The above events show that Best has been neither negligent nor indifferent. And, even Verizon, whose attorney decided to file a motion to dismiss the within appeal only after he was contacted to set up a briefing schedule, having previously been quite willing to let the matter lie dormant from their standpoint - - with the knowledge that Mr. Miller and not Mr. Gilmer was listed as the attorney of record - - has not claimed that Best has acted in bad faith.

Regarding the cases that Verizon cited, or at least what they were cited for, to support its position, they are inapposite. In *In re Tampa Chain Co., Inc., Balaber-Strauss v. Reichard*, at 56, the "[D]efendants have not disputed the Trustee's description of the proceedings in the district court, to wit, that defendants filed no brief for some seven months after the due date, that their attorney offered no explanation or excuse for their failure to file a brief, and that the district court dismissed for failure to prosecute only after it had inquired as to the reason for the failure to file and was given no explanation." This is in stark contrast to the facts and circumstances in the instant appeal, as is the case with the other cases cited by Verizon. In *Adler v. Bancplus Mortgage Corp.*, 108 B.R. 435 (S.D.N.Y. 1989), the appellant had not filed its brief in over four months past the deadline; and the court found that it was clear that the failure to file its brief was only the latest in a long series of delay tactics in state and federal courts, at 438. In the instant appeal it is Verizon that is responsible

for the bulk of the delay and Best's failure to file its Appellant's Brief is not attributable to it; and the brief would not be months late in any event. In *In re Roma Group, Inc.*, 165 B.R. 779 (S.D.N.Y. 1994), the appellants did not file their briefs in more than two years since the dismissal of the bankruptcy cases, cancelled the order for the transcript of the hearing on dismissal, and did not apply for any extensions to do anything. *In re Roma Group, Inc.*, 153 B.R. 18, 19 (S.D.N.Y. 1993). In the within appeal, Best requested Verizon's consent to an extension the day after chambers called and its brief, even if it received the notice of docketing, would be only weeks, instead of years, late.

  WHEREFORE, Verizon's motion to dismiss Best's appeal for failure to file its brief in accordance with Bankruptcy Rule 8009 should be denied and Best's request for an extension of 30 days to file its initial brief should be granted.

Dated: Brooklyn, NY  
   May 19, 2008

/s/ George Gilmer  
George M. Gilmer, Esq. (GG-5479)  
943 Fourth Avenue  
Brooklyn, NY 11232  
718-788-0100