IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------X
                                                 :
In re                                            :
                                                 :
BEST PAYPHONES, INC.,                            :        Case No. 01-B-15472 (SMB)
                                                 :
                        Debtor.                  :
-------------------------------------------------------------X
                                                 :
BEST PAYPHONES, INC.,                            :
                                                 :
                        Appellant,               :
                                                 :
        v.                                       :        Civil Action No. 08-2553 (GEL)
                                                 :
VERIZON NEW YORK INC.,                           :
                                                 :
                        Appellee.                :
-------------------------------------------------------------X
```

## VERIZON'S REPLY TO BEST PAYPHONES' OPPOSITION TO VERIZON'S MOTION TO DISMISS

Verizon New York Inc. ("Verizon") hereby submits this Reply Brief in support of its Motion to Dismiss Best Payphones' most recent appeal (the "Motion"). For the foregoing reasons, Verizon's Motion should be granted and Best's most recent appeal should be dismissed.

The underlying appeal was filed by Best on November 15, 2007 in the Bankruptcy Court for the Southern District of New York. More than six (6) months have elapsed since the appeal was filed, and Best's current attorney, George Gilmer, has presumably known of the appeal since at least February 3, 2008, when Mr. Gilmer sent his first letter to the Bankruptcy Court on behalf of Best.[1] Best essentially argues in its Response to Verizon's Motion that it did not receive

---

[1] In Mr. Gilmer's Declaration, which was attached to Best's Response, Mr. Gilmer purports under oath to have personal knowledge of specific events spanning from the inception of this case in 2002 to the present. Based on Mr. Gilmer's personal familiarity with the case, it is

proper notice once its appeal was docketed in this Court, and thus it should be granted an extension of thirty additional days from the issuance of an Order by this Court to file its initial brief.

Best's strategy is consistent with its conduct throughout this litigation. Rather than actually file its brief in a timely and efficient manner, Best is content to delay the appellate process even further by asserting that it was unaware of the briefing deadline, trying to organize unnecessary scheduling conferences, badgering Verizon's counsel with technical pleading objections, and seeking more time than is permitted by the Federal Rules of Bankruptcy in which to submit its brief. Despite the fact that Bankruptcy Rule 8009 permits the appellant fifteen (15) days from the docketing of the appeal to file its brief, despite the fact that more than two months have elapsed since the appeal was docketed, and despite the fact that thirty (30) days have elapsed since Mr. Gilmer's letter to this Court stating that he was going to request thirty (30) days to file Best's initial brief, Best still has never filed any motion for an extension of the briefing schedule or filed its initial appellate brief.[2]

The underlying appeal was docketed in this Court on March 14, 2008, more than two months ago, and nearly four months after the appeal was originally filed. Notice was apparently mailed to Best's attorney of record at that time, Mayne Miller. Best asserts in its Response that it never received notice from the Court "by virtue of the mix-up in the clerk's office." See Best's

---

likely that Mr. Gilmer has known about Best's appeal since it was originally filed on November 15, 2007.

[2]    Notably, the Bankruptcy Court recently denied Best's attempt to obtain an adjournment of a briefing schedule under very similar circumstances. In that matter, Best sought an adjournment of a briefing schedule by letter. The Bankruptcy Court denied the request, stating: "Denied. The Court does not entertain contested applications or requests for adjournments by letter. Parties seeking relief in a contested matter must proceed in accordance with applicable rules." Best's April 17, 2008 letter to the Bankruptcy Court, on which the Court's denial is stamped, is attached hereto as Exhibit A.

Response at p. 4. Best's attempt to cast blame on the Bankruptcy Court clerk ignores the fact that Mr. Gilmer never actually filed a Notice of Appearance with the Bankruptcy Court, that Bankruptcy Rule 8007 does not require the Bankruptcy Court to do anything more than send notice to each party's counsel of record, and that Best failed to take any proactive steps during the course of a six-month period to monitor the status of its own appeal.

The delays and unnecessary litigation expenses caused by Best's dilatory conduct have gone on long enough. Best's conduct in delaying the filing of its brief mirrors its conduct throughout this litigation. Verizon notified Best of its intention to file a Motion to Dismiss on April 25, 2008, and filed its Motion with this Court on the same day. On April 30, Best e-mailed Verizon's counsel demanding that Verizon re-file its Motion in accordance with this Court's Local Rules. See Exhibit B. That same day, Verizon amicably complied with Best's request by changing the title of its Motion to include the words "Notice of," re-filing the amended "Notice of Motion to Dismiss Appeal," and effectively giving Best five additional days to respond to the Motion. One week later, on May 7th, Mr. Gilmer again notified Verizon's counsel that the Motion was still technically defective, and demanded that Verizon re-file the Motion once again. See Exhibit C. On May 12th, Verizon's counsel received an envelope from Mr. Gilmer which contained only a copy of the Motion to Dismiss. See Exhibit D. This was apparently Mr. Gilmer's unorthodox method of refusing service of the Motion and attempting to buy more time to respond.

Despite Best's attempts to harass Verizon's counsel, drive up litigation expenses and delay the litigation as much as possible, Best now has the audacity to assert in its Response that "Verizon has experienced little, if any, prejudice." See Best's Response at page 3. Best has had more than six (6) months since filing its appeal to compose and file its appellate brief, and nearly

a month has passed since this Court contacted Best to determine how it wanted to proceed with the appeal.  The Bankruptcy Rules are clear: The party filing the appeal has 15 days to file its brief once the appeal is docketed and notice is sent to the party.  The appeal was docketed on March 14, 2008 and notice was received Best's counsel of record no later than March 18, 2008.  Best was essentially given a second pass when the Court contacted Mr. Gilmer on April 21, 2008 about Best's delinquency.  Yet, rather than graciously file its appellate brief in a timely and diligent manner, Best steadfastly has refused to file its brief or to file <u>any</u> motion seeking an extension, and instead has focused its attention on requesting scheduling conferences, finding petty technical flaws in Verizon's pleadings, and seeking yet more time delays.  More than a month after being contacted by the Court, and more than six months after filing its appeal, Best has failed to show any sign of filing a brief in a timely manner.

Finally, Best's attempts to distinguish the cases cited in Verizon's Motion to Dismiss actually emphasize the fact that the case law supports dismissal of Best's Appeal.  The precise words used by Best in summarizing *Adler v. Bancplus Mortgage Corp.*, 108 B.R. 435, 438 (S.D.N.Y. 1989) were that the court dismissed an appeal upon concluding that "the failure to file its brief was only the latest in a long series of delay tactics…." <u>See</u> Best's Response at p. 5. Further, as summarized by Best, the court in *In Re Roma Group, Inc.*, 165 B.R. 779 (S.D.N.Y. 1994) dismissed an appeal where the appellants "did not apply for any extensions to do anything" once the deadline to file their brief elapsed. <u>See</u> Best's Response at p. 6.  The conduct which resulted in the dismissals of the appeals in *Adler* and *In re Roma Group, Inc.* has been repeated in almost exact form by Best in the present appellate process.  As described above, Best's conduct in refusing to file a brief in a timely manner is consistent with its conduct

throughout this litigation, and, despite the fact that the deadline to file its brief elapsed nearly two months ago, Best has never filed a motion for an extension with this Court.

For the reasons stated in Verizon's Memorandum in Support of its Motion to Dismiss and this Reply brief, Verizon respectfully requests that this Court dismiss Best's Appeal.


Dated:  May 22, 2008


Respectfully submitted,

ARNALL GOLDEN GREGORY LLP

/s/Darryl S. Laddin
Darryl S. Laddin (DL-5130)
Frank N. White (Georgia Bar No. 753377)

171 17th Street NW, Suite 2100
Atlanta, GA 30363-1031
(404) 873-8500

Attorneys for Verizon New York Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 22nd day of May, 2008, I caused to be served the foregoing document by causing true and correct copies of same, enclosed securely in separate postage pre-paid envelopes, to be delivered by first class mail to the following:

George M. Gilmer, Esq.
943 Fourth Avenue
Brooklyn, NY 11232

/s/Darryl S. Laddin
Darryl S. Laddin

# **EXHIBIT A**

# George M. Gilmer
### Attorney-At-Law

943 Fourth Avenue
Brooklyn, NY 11232
718-788-0100
FAX 718-788-1611

**Via Facsimile 212-809-9674 and ECF**
Hon. Stuart M. Bernstein

April 17, 2008

Chief Judge of the United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004       Re:       In re: Best Payphones, Inc. 01-15472 (SMB)

Dear Chief Judge Bernstein:

As Your Honor is aware, I represent Best Payphones, Inc. ("Best") in the above-referenced matter. Unfortunately, I am compelled to respond to Ms. Jacobs's letter of yesterday evening, that was filed in opposition to my letter of yesterday afternoon, which requested additional time for Best to file its Reply to MetTel's Response to Best's Motion to Reargue, and also requested additional time to respond to MetTel's cross-motion for sanctions. Said Response and cross-motion were filed and mailed on April 14. The Response was supposed to be received by me on April 14 and the scheduling of the cross-motion remains in dispute, but in no event should it have been received after April 14.

In her letter, Ms. Jacobs ignores the more significant impetus for Best's requests, *i.e.*, MetTel's cross-motion, and makes misleading statements or ignores points of Best in order to make it appear that the *only* impetus for Best's requests was her untimely service, and that Best only sought more time to file the Reply. Ms. Jacobs also misreads and/or ignores the rules related to service, which Mr. Chaite informs me she had accurately quoted at a prior conference to successfully obtain an adjournment (*see infra* footnote 1).

In the second to last paragraph of Ms. Jacobs's letter, in addition to making little sense, and just then finally mentioning the cross-motion that she scheduled to be responded to on the same day that Best scheduled its Reply to be due, *i.e.*, April 21, she confirms what I had suspected, *i.e.*, she did not contact chambers pursuant to Local Rule 5070-1 to obtain a return date for her untimely served cross-motion. In light of this admitted failure and the defective service, even if April 21 was a properly obtained return date, which it was not, Best respectfully requests that it either be granted until May 2 to respond to the cross-motion or at the very least, Ms. Jacobs be directed to abide by Local Rule 5070-1 and obtain a return date from chambers for MetTel's cross-motion; and then properly notice and serve said motion in accordance with Local Rule 9006-1.

Regarding Ms. Jacobs reference to Local Rule 9006-1, even if her interpretation is correct and applicable to motions to reargue (which I do not concede), after having fourteen days from when Best filed and mailed her its motion, Ms. Jacobs should not be heard to complain that Best is attempting to place MetTel at a disadvantage by attempting to have MetTel abide by the seven

days that the Notice of Motion allotted me to submit just the Reply, without consideration of MetTel's cross-motion.

As far as Ms. Jacobs's misrepresentations and misleading statements regarding service is concerned, on page two of her letter, she quotes paragraph 7 of Your Honor's General Order, dated January 19, 2001, to support her position that she had to serve neither MetTel's Response nor its cross-motion. However, paragraph 7 relates to notice and service by the clerk's office, not the parties. Ms. Jacobs's attempted misrepresentation is especially troubling as in Exhibit 1 to this Order, that she had e-mailed to me, along with the Order itself, specifically states:

> B. Service.
>   1. General Rule: Except as otherwise provided in the next paragraph, all documents required to be served shall be served in paper (i.e., "hard copy") form in the manner mandated by the applicable law and rules.
>   2. Consent to Electronic Service: Whenever service is required to be made on a person who has requested, or is deemed to have requested, electronic notice in accordance with FRBP 9036 or the annexed order, the service may be made by serving the "Notice of Electronic Filing" generated by the System by hand, facsimile or e-mail in the first instance, or by overnight mail if service by hand, facsimile or e-mail service is impracticable.

Ms. Jacobs cannot avail herself of paragraph 2 above as she never e-mailed me the Notice of Electronic Filing ("Notice"). Even if she had, service still would have been defective as Fed.R.Civ.P ("Rule") 6(e) requires three days to be added for this mode of service, just as though the document had been sent by mail,[1] which is how she served the papers on April 14, that was three days late. This would also be the case if Local Rule 5.2 were considered - - Ms. Jacobs quotes Local Rule 5.2, but does not represent that Your Honor directed it to be applied.

Regarding the availability of Mr. Chaite, I stated that he has family obligations related to Passover, not that his obligations start Saturday evening, as Ms. Jacobs attempts to misrepresent. In actuality, Mr. Chaite's obligations start well before sundown on Saturday. Nonetheless, given my other obligations, I could not file both the Reply and respond to the cross-motion even if I was completely familiar with all aspects of the proceeding beginning to end and did not need Mr. Chaite's assistance. Ms. Jacobs's position that I should have less than seven days is patently unfair, especially when considering she had fourteen days and the facts that I am sole practioner and new to this matter. Not to mention the time that had to be devoted to writing this letter and the initial letter to request more time, because of Ms. Jacobs improper conduct and/or misrepresentations.

---

[1] Rule 6(e) ADDITIONAL TIME AFTER SERVICE UNDER RULE 5(b)(2)(B), (C),OR (D). Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party under Rule 5(b)(2)(B), (C), or (D), 3 days shall be added to the prescribed period.

Therefore, it is respectfully submitted that Best's request to file its Reply for its Motion to Reargue on April 25 should be granted. With regard to MetTel's cross-motion, Best respectfully requests that either its Response be due on May 2 or MetTel should be directed to comply with Local Rule 5070-1 and notice and serve said motion in accordance with Local Rule 9006-1.

Thank you for your consideration.

Respectfully,
/s/ George M. Gilmer
George M. Gilmer, Esq. (GG-5479)

cc:     Fran Jacobs, Esq. (via fax)

**Denied.  The Court does not entertain contested applications or requests for adjournments by letter. parties seeking relief in a contested matter must proceed in accordance with applicable rules.**

**SO ORDERED:  4/17/08**

/s/ STUART M. BERNSTEIN
USBJ

3

## **EXHIBIT B**

From: Bpayphones101@aol.com <Bpayphones101@aol.com>
To: Laddin, Darryl S
Cc: Georgethelawyer@aol.com <Georgethelawyer@aol.com>; Bpayphones101@aol.com
<Bpayphones101@aol.com>
Sent: Wed Apr 30 02:23:57 2008
Subject: No Notice of Motion

If Verizon will not work out a briefing schedule, please re-serve your motion in
accordance with the rules, there was no Notice of Motion received nor one filed. We waited
to receive the hard copy to see if not filing a Notice of Motion was a mere oversight.

## <u>EXHIBIT C</u>

From: Georgethelawyer@aol.com <Georgethelawyer@aol.com>
To: Laddin, Darryl S
Sent: Wed May 07 15:28:52 2008

Dear Mr. Laddin:

I am in receipt of your "Notice of Motion to Dismiss Appeal," which replaced an earlier document that was defective. Unfortunately, this replacement document is defective as well as it does not contain the information required for a Notice of Motion (e.g., the Rule that the motion is being made under and required dates (i.e., the return date and date by which a response is due)).

I have attached a Notice of Motion that was filed in Best's bankruptcy case which I think may be helpful to you; and I will be sending the amended document back to you, as I did with your earlier motion.

/s/
George M. Gilmer, Esq.


Sent via BlackBerry from T-Mobile

1

# **EXHIBIT D**

RECEIVED

MAY 1 2 2008

ARNALL GOLDEN
GREGORY LLP

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------X
                                            :
In re                                       :
                                            :
BEST PAYPHONES, INC.,                       :        Case No. 01-B-15472 (SMB)
                                            :
                      Debtor.               :
-----------------------------------------------------------X
                                            :
BEST PAYPHONES, INC.,                       :
                                            :
                      Appellant,            :
                                            :
          v.                                :        Civil Action No. 08-2553 (GEL)
                                            :
VERIZON NEW YORK INC.,                      :
                                            :
                      Appellee.             :
-----------------------------------------------------------X
```

## MOTION TO DISMISS APPEAL

For the reasons set forth in its separately filed *Memorandum Of Law In Support Of Motion To Dismiss Appeal*, Appellee Verizon New York Inc. ("Verizon") hereby moves to dismiss the appeal of Best Payphones, Inc. of the *Final Order of the Bankruptcy Court of the Southern District of New York*, entered by the United States Bankruptcy Court for the Southern District of New York on November 5, 2007.

2354022v1

WHEREFORE, Verizon respectfully requests that the Court dismiss the Appeal.

Dated:  April 25, 2008

Respectfully submitted,

ARNALL GOLDEN GREGORY LLP

/s/Darryl S. Laddin
Darryl S. Laddin (DL-5130)
Frank N. White (Georgia Bar No. 753377)

171 17th Street NW, Suite 2100
Atlanta, GA 30363-1031
(404) 873-8500

Attorneys for Verizon New York Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 25th day of April, 2007, I caused to be served the foregoing document by causing true and correct copies of same, enclosed securely in separate postage pre-paid envelopes, to be delivered by first class mail to the following:

> George M. Gilmer, Esq.
> 943 Fourth Avenue
> Brooklyn, NY 11232

/s/Darryl S. Laddin

Darryl S. Laddin

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
                                                           :
In re                                                      :
                                                           :
BEST PAYPHONES, INC.,                                      :          Case No. 01-B-15472 (SMB)
                                                           :
                              Debtor.                      :
-----------------------------------------------------------X
                                                           :
BEST PAYPHONES, INC.,                                      :
                                                           :
                              Appellant,                   :
                                                           :
        v.                                                 :          Civil Action No. 08-2553 (GEL)
                                                           :
VERIZON NEW YORK INC.,                                     :
                                                           :
                              Appellee.                    :
-----------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS APPEAL

        Verizon New York Inc. ("Verizon") hereby submits this Memorandum of Law in support

of its Motion to Dismiss Appeal.

### I.        Introduction

        Verizon respectfully requests that this Court dismiss the appeal (the "Appeal") filed by

Best Payphones, Inc. ("Best") on November 15, 2007 in the Bankruptcy Court of the Southern

District of New York, and docketed in this Court on March 14, 2008. Best's litigation with

Verizon has been pending for more than five years, and the parties have engaged in significant

briefing, participated in numerous hearings in the Bankruptcy Court, and conducted two full

evidentiary trials. Throughout its disputes with Verizon (and throughout its bankruptcy case

generally), Best has consistently missed filing deadlines, and the Bankruptcy Court and this

Court have, on numerous occasions, shown compassion by granting Best's requests for

extensions. Consistent with its past conduct, Best has once again failed to comply with the filing

deadlines in pursuing the Appeal, as it did with its last appeal in this Court (Civil Action No. 05-

6531-GEL), and now seeks an extension from this Court to file its appellate brief -- well after the

time to file its brief expired.

Yet another extension of time simply is not warranted. Because, yet again, Best has

failed to comply with the deadlines set forth in the Federal Rules of Bankruptcy Procedure, the

Appeal should be dismissed.

## II.    Statement of the Facts

On October 23, 2001, Best filed a voluntary petition for relief under chapter 11 of title 11

of the United States Code (the "Bankruptcy Code"). Best's chapter 11 plan (the "Plan") was

confirmed by the Bankruptcy Court on December 26, 2002. Under the Plan, all creditors are to

be paid in full, and because the estate currently has enough money to pay all of its creditors, no

creditor will gain from any litigation currently being conducted by Best. Rather, the only party

to gain from the litigation is Best's sole shareholder.

The Final Order in Best's longstanding litigation with Verizon was entered by the

Bankruptcy Court on November 5, 2007, following a full evidentiary trial. Best subsequently

filed a Notice of Appeal on November 15, 2007, which was entered on this Court's docket on

March 14, 2008. Although Best's brief was required to be filed by March 28, 2008, pursuant to

Bankruptcy Rule 8009, Best's brief has not yet been filed.

By letter dated April 23, 2008 ("the Letter"), Best, for the first time, requested that this

Court "allow the parties until the end of next week to agree on a briefing schedule and submit it

to the Court." The Letter is attached hereto as Exhibit "A." The Letter states that Best's

Attorney, George M. Gilmer, Esq., "recently became Best's attorney by virtue of its former

attorney, Mayne Miller, being granted a motion to withdraw...." Despite this representation, the

Order in the Bankruptcy Court granting Mayne Miller's motion to withdraw was signed last year

on November 21, 2007. (See Bankr. Court Docket, Doc. No. 750). The record also shows that

Mr. Gilmer drafted a letter to this Court on February 3, 2008 stating that he was serving as

counsel for Best. (See Bankr. Court Docket, Doc. No. 756).

This is not the first time that Debtor has found itself in this position. Best previously

filed a Notice of Appeal with this Court regarding a different Order in this case. (See Civil

Action No. 05-6531-GEL). In that appeal, nearly three months passed after the Notice of Appeal

was filed before Best filed a motion for an extension. Best argued in that motion that its attorney

did not receive notice of the docketing in a timely manner. See Exhibit "B". In an Order dated

November 3, 2005, the Court reluctantly granted Best's Motion, noting that "the conduct of

appellant's conduct in prosecuting this appeal has been sorely deficient." A copy of this Order is

attached as Exhibit "B."

## II.    Argument and Authority

The Appeal should be dismissed for failure to comply with Bankruptcy Rule 8009. Rule

8009 provides, in relevant part:

(a)    Unless the district court or the bankruptcy appellate panel by local rule or by
order excuses the filing of briefs or specifies different time limits:

(1)    The appellant shall serve and file a brief within 15 days after entry of the
appeal on the docket pursuant to Rule 8007.

Best's Notice of Appeal was docketed in this Court on March 14, 2008. There is no local rule

providing Best with additional time to file its brief, and the Court has not issued an Order

specifying time limits that extend those provided in the Bankruptcy Rules. Despite the fact that

Best has previously been in this same position in this same Court, Best has once again failed to

file its brief within the time provided by law – this time, despite having had more than <u>five</u> months after filing its appeal, and two months after retaining Mr. Gilmer as counsel, to prepare its brief.

The Court should dismiss the Appeal pursuant to Bankruptcy Rule 8001(a) for failure to comply with Rule 8009. <u>See</u>, <u>e.g.</u>, <u>In re Tampa Chain Co.</u>, 835 F.2d 54 (2d Cir. 1987) (affirming district court's dismissal of appeal for appellant's failure to file brief pursuant to Rule 8009); <u>In re Roma Group, Inc.</u>, 165 B.R. 779 (S.D.N.Y 1994) (dismissing an appeal for the appellant's failure to file a transcript or a brief pursuant to Rule 8009). Best's pattern of delay and the absence of any reasonable excuse, particularly, justify dismissal. <u>See Adler v. Bancplus Mortgage Corp.</u>, 108 B.R. 435, 438 (S.D.N.Y. 1989) (dismissal appropriate where party never filed brief and failure to file was "only the latest in a long series of dilatory tactics.")

Best is no stranger to the appellate process or the Bankruptcy Rules – at least four other orders of the Bankruptcy Court were the subject of appeals prior to this Order – and Best has a history in the Bankruptcy Court and in this Court of failing to comply with deadlines and repeatedly requesting extensions. As discussed above, Best previously missed its filing deadline under Rule 8009 in this same Court by nearly three months, and the court "[w]ith some hesitation," granted Best's motion to extend the time for filing. <u>See</u> Exhibit "B." Another one of the appeals commenced by Best, Civil Action Number 03-4504-LAP, was dismissed by the Court sua sponte on July 25, 2003, due to Best's failure to file a designation as required by Rule 8006.

Best's failure to timely file its brief in this proceeding is simply a continuation of Best's long pattern and practice of indifference in prosecuting matters in this Court and the Bankruptcy Court that compels the dismissal of the Appeal, and a rejection of Best's "dog ate my

4

homework" excuses.   The fact remains that Best filed its Notice of Appeal more than five

months ago, and retained Mr. Gilmer as counsel more than two months ago.

Best's litigation with Verizon has been pending for more than five years, and has been

the subject of repeated delays by Best.  Best filed its Notice of Appeal on November 15, 2007,

meaning that it has had more than five (5) months to prepare its brief.  Verizon would certainly

be prejudiced if Best is once again granted more time to litigate the same issues that have already

been litigated multiple times.  Verizon should not be burdened with more delays brought on by

Best's total disregard for the rules of the Bankruptcy Court and this Court.

### IV.    Conclusion

For the foregoing reasons, Verizon respectfully requests that this Court dismiss the

Appeal.


Dated:  April 25, 2008


Respectfully submitted,

ARNALL GOLDEN GREGORY LLP

/s/Darryl S. Laddin
Darryl S. Laddin (DL-5130)
Frank N. White (Georgia Bar No. 753377)

171 17th Street NW, Suite 2100
Atlanta, GA 30363-1031
(404) 873-8500

Attorneys for Verizon New York Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of April, 2007, I caused to be served the foregoing document by causing true and correct copies of same, enclosed securely in separate postage pre-paid envelopes, to be delivered by first class mail to the following:

George M. Gilmer, Esq.
943 Fourth Avenue
Brooklyn, NY 11232

/s/Darryl S. Laddin
Darryl S. Laddin



**George M. Gilmer**
Attorney At Law

943 Fourth Avenue
Brooklyn, NY 11232
(718) 788-0100
FAX (718) 788-1611

<u>**Via Fax 212-805-0436**</u>[1]
Hon. Gerard E. Lynch
United States District Judge
Southern District of New York
500 Pearl Street, Room 900                                April 23, 2008
New York, NY 10007

    Re:    *Best Payphones, Inc., Appellant, v. Verizon NY, Inc., Appellee,* 08-Civ-2553(GEL)
           *In re: Best Payphones, Inc.,* 01-B-15472 (SMB)

Dear Judge Lynch:

    I represent Best Payphones, Inc. ("Best") in the above-referenced matter. I recently became Best's attorney by virtue of its former attorney, Mayne Miller, being granted a motion to withdraw (for personal reasons) in the Bankruptcy Court.[2] Mr. Whalen from Your Honor's chambers had called me to inquire what Best's intentions were regarding this appeal. I have discussed the matter with Best's president and was advised that Best will go forward with the appeal. Verizon's attorney was then contacted, via e-mail, to address the issue of a briefing schedule. It was proposed that each side have 30 days for its initial brief and that Best be allotted two weeks to file a reply. I made this proposal in light of the fact that I am new to this matter and do not even have any of the documents that would be part of the record. Verizon's attorney, Mr. Laddin, e-mailed back yesterday: "I will review your request with my client and respond to you when I am in the office next week." Therefore, Best respectfully requests that the Court allow the parties until the end of next week to agree on a briefing schedule and submit it to the Court.

    Thank you for your consideration.

                              Respectfully,

                              *[signature]*

                        George M. Gilmer, Esq. (GG-5497)

cc:    Darryl Laddin, Esq.

---

[1] Permission to send this letter via fax was obtained.

[2] Mr. Miller was never the attorney of record for this appeal. It is my understanding that his name was put onto the docket sheet by virtue of the appeal's clerk in the Bankruptcy Court inserting his name on the Cover Sheet that he in turn sent to the District Court.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re: BEST PAYPHONES, INC.,                 :        Case No. 01-B-15472 (SMB)
                                             :
                     Debtor.                 :
-----------------------------------------------------------------x
BEST PAYPHONES, INC.,                        :
                                             :
                     Appellant,              :
                                             :        05 Civ. 6531 (GEL)
          -v-                                :
                                             :
VERIZON NEW YORK, INC.,                      :                __ORDER__
                                             :     ┌─────────────────────────────────┐
                     Appellee.               :     │ USDC SDNY                        │
-----------------------------------------------------------------x  │ DOCUMENT                         │
                                                   │ ELECTRONICALLY FILED             │
GERARD E. LYNCH, District Judge:                   │ DOC #:                           │
                                                   │ DATE FILED: 11/8/05              │
                                                   └─────────────────────────────────┘

     This appeal was entered on the docket on July 20, 2005, and to date, appellant has filed
no brief. However, Fed. R. Bankr. P. 8009(a)(1) states that "[t]he appellant shall serve and file a
brief within 15 days after entry of the appeal on the docket." Now, close to three months after its
brief was due, appellant has moved for an extension of time to file its brief. Appellee has filed a
motion to dismiss the appeal based primarily on appellant's failure to comply with Rule
8009(a)(1). With some hesitation, appellant's motion to extend time will be granted, and
appellee's motion to dismiss will be denied.

     While courts have dismissed bankruptcy appeals based upon the failure to comply with
Rule 8009(a)(1)'s filing deadline, see, e.g., In re Vega, 93 Civ. 0083, 1995 WL 254398
(S.D.N.Y. May 1, 1995), that deadline is not jurisdictional and dismissal for late filing is not
mandatory. In re Tampa Chain Co., 835 F.2d 54, 55 (2d Cir. 1987); see also Rule 8009(a)
(noting that deadline applies "[u]nless the district court . . . by order excuses the filing of briefs
or specifies different time limits"); Rule 8001(a) (stating that "[f]ailure of an appellant to take
any step other than filing of a notice of appeal does not affect the validity of the appeal, but is
ground only for such action as the district court . . . deems appropriate, which *may* include
dismissal of the appeal" (emphasis added)).

     Here, while appellant's brief is long overdue, appellant's counsel claims that he did not,
until recently, receive "notice of the docketing of the appeal from the clerk of the District Court."
(Appellant's Mem. Supp. Mot. Extend Time at 3.) Whether or not that is the case, counsel
represents that if the motion to extend time is granted, appellant's opening brief will be filed
within fifteen days. (Appellant's Mot. Extend Time at 1.) Further, while the conduct of
appellant's counsel in prosecuting this appeal has been sorely deficient, it does not appear that
any undue prejudice to appellee will result if appellant's failure to file a brief on time is excused.
(Appellee's Mem. Supp. Mot. Dismiss at 4; Appellant's Mem. Supp. Mot. Extend Time at 1, 4-

5.)

For the foregoing reasons, appellant's motion to extend time is GRANTED, and appellee's motion to dismiss is DENIED. It is further ORDERED that:

1. Appellant's opening brief shall be submitted no later than November 18, 2005. No further extensions will be granted.

2. Appellee's brief in opposition shall be submitted no later than December 5, 2005.

3. Appellant's reply brief shall be submitted no later than December 15, 2005.

SO ORDERED.

Dated: New York, New York
      November 3, 2005

                                    GERARD E. LYNCH
                             United States District Judge





George McGilmory
243 4th Ave
Brooklyn, NY 11242

Alma Golden Gregory LLP
171 17th St Suite 2100
Atlanta, GA 30363

Attn:
Daryl Laurin

UNITED STATES
POSTAL SERVICE

0000

30363

U.S. POSTAGE
PAID
ROSLYN HEIGHTS, NY
11577
MAY 05, 08
AMOUNT
$0.92
00035035-01