UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re: BEST PAYPHONES, INC.,                   :     Case No. 01-B-15472 (SMB)
                                               :
            Debtor.                            :
------------------------------------------------------------x
BEST PAYPHONES, INC.,                          :
                                               :
            Appellant,                         :
                                               :     08 Civ. 2553 (GEL)
    -against-                                  :
                                               :     **ORDER**
VERIZON NEW YORK, INC.,                        :
                                               :
            Appellee.                          :
                                               :
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/2/08

GERARD E. LYNCH, District Judge:

    On November 15, 2007, appellant Best Payphones filed a notice of appeal from a November 5, 2007, order of Bankruptcy Judge Stuart M. Bernstein. On March 14, 2008, this notice of appeal was docketed in the Southern District of New York. Best was contacted by Court personnel on April 21, 2008, and notified that the appeal had been docketed, but has yet to file its brief. By motion dated April 25, 2008, appellee Verizon New York moves to dismiss Best's appeal. That motion will be granted.

    Fed. R. Bankr. P. 8009(a)(1) states that "[t]he appellant shall serve and file a brief within 15 days after entry of appeal on the docket." More than six months have passed since Best filed its initial notice of appeal, more than seventy days have passed since entry of that appeal on this Court's docket, and more than thirty-five days have passed since Best's counsel was reminded of the docketing. Yet to date, Best has not filed an appeal, nor has it formally moved to extend its time to file such an appeal.[1]

    Had Best filed a proper motion to extend time, it would nonetheless be denied. In other circumstances, this Court might have been more forgiving. In fact, in other circumstances, this Court has been more forgiving. In a related matter, by order dated November 3, 2005, this Court granted Best's motion to extend time to file its appeal from an order in the same underlying bankruptcy matter. (No. 05 Civ. 6531, Order of November 3, 2005.) The Court noted that Best

---

[1] By letter dated April 23, 2008, Best requested that the Court "allow the parties until the end of next week to agree on a briefing schedule and submit it to the Court." (Letter of George M. Gilmer, Esq., to the Court, dated April 23, 2008.) However, no such briefing schedule materialized.

filed its motion for an extension of time "close to three months after its brief was due," that the conduct of Best's counsel had been "sorely deficient," and that the extension was granted "[w]ith some hesitation." (Id.) Best has been reminded by this Court of the clear requirements of Rule 8009(a)(1), and its failure to abide by the rule a second time is neither explicable nor excusable.

Earlier this year, Best retained new counsel, who has represented Best in the underlying Bankruptcy matter at least as of February 3, 2008. In opposing Verizon's motion to dismiss the appeal, Best notes that, by virtue of certain mis-information from the Southern District of New York Bankruptcy Clerk's office, its new counsel did not initially receive notice of the docketing of its appeal. Best argues that the fifteen-day period of Rule 8009(a)(1) is only triggered once the appeal has been docketed and notice of the docketing has been sent to all parties. (Best Reply 3-4.) Even assuming this to be true, the fifteen-day period would have begun to run after Best's new counsel was notified of the docketing of the appeal – which occurred more than a month ago.

Finally, the "long and litigious" history of this proceeding needs to be taken into account. (No. 05 Civ. 6531, Opinion and Order of March 14, 2006, at 17.) This litigation has been pending for more than five years and, as pointed out by Verizon, Best has repeatedly missed filing deadlines. The present appeal seeks review of the Bankruptcy Court's decision on a narrow remand for specific factfindings (id.), a subject on which the standard of review is narrow and for which the preparation of a brief should not be difficult. In such circumstances, allowing yet more delay has little or no equitable appeal.

The docketing of this appeal, and the corresponding obligation to file a timely brief, can come as no surprise to Best, the party that filed the notice of appeal in the first place. Best has had more than six months to craft its brief and refine its arguments, and has only itself to blame for the failure to file a timely brief. Accordingly, it is hereby ORDERED that Verizon's motion to dismiss Best's appeal is granted.

SO ORDERED.

Dated: New York, New York
       June 2, 2008

_____
GERARD E. LYNCH
United States District Judge