UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                               :

In the matter of                                    :        **Case No. 01-B-15472 (SMB)**
                                                               :        **Chapter 11**

BEST PAYPHONES, INC.,                  :

                        Debtor        :

---------------------------------------------------------------x

BEST PAYPHONES, INC.,                  :        **Docket No. 08-CV-2553 (GEL)**

                Debtor-Appellant,    :

  -against-                         :        **MEMORANDUM OF LAW**
                                                                :        **IN SUPPORT OF MOTION FOR**
                                                                :        **RECONSIDERATION**

VERIZON NEW YORK, INC.,             :

                Claimant-Appellee.   :

---------------------------------------------------------------x

Submitted by:

George M. Gilmer, Esq. (GG-5479)
943 Fourth Avenue
Brooklyn, New York 11232
(718) 788-0100
Attorney for Best Payphones, Inc.

## BACKGROUND

Best Payphones, Inc. ("Best") filed a notice of appeal on November 15, 2007 from an order resolving the proof of claim filed by Verizon New York, Inc. ("Verizon"). Best's attorney at the time, Mayne Miller, was granted a motion to withdraw by an order entered on November 26, 2007. Prior to the effective date of Mr. Miller's withdrawal, Best complied with Fed.R.Bank.Pro. 8006. However, because of a stay within the Order granting Mr. Miller's motion to withdraw, the clerk's office for the Bankruptcy Court delayed transmitting the record to the clerk's office for this Court. George M. Gilmer, Esq., appeared in the Bankruptcy Court on February 4, 2008, as substitute counsel for Best and Mr. Miller's name was removed from the docket sheet.

On March 14, 2008, the clerk for this Court docketed the appeal with an Unassigned status pending a decision by Judge Lynch as to whether the appeal was related to an earlier appeal.[1] On March 18, 2008, the docket sheet indicates that a notice was mailed to the attorneys of record. However, the docket sheet listed Mr. Miller as Best's attorney of record, notwithstanding that Mr. Miller's withdrawal and Mr. Gilmer's appearance occurred before the appeal was transmitted by the Bankruptcy Court, and notwithstanding that the clerk in the Bankruptcy Court delayed transmitting the record because of Mr. Miller's withdrawal. Furthermore, the address for Mr. Miller appears on this Court's docket sheet as a combination of two addresses, has the wrong ZIP code for Long Island City, and is not formatted correctly:

> 21-55 45th Road
> Post Office Box 8050, New York, NY
> 10116
> Long Island City, NY 10116

---

[1] On March 24, 2008, Judge Lynch accepted the appeal as related.

Neither Mr. Gilmer nor Mr. Miller, apparently, ever received a notice of docketing from the clerk for this Court related to the instant appeal. However, on Monday, April 21, 2008, Mr. Gilmer received a telephone call from the chambers of Judge Lynch inquiring as to what Best's intentions were related to the appeal. The next day, Best contacted Verizon's attorney, Darryl Laddin, requesting that he consent to a period of 30 days for Best to file its appellant's brief. Verizon's attorney stated that he was not in his office, but would consult with his client and respond to Best's request the following week when he would return to his office.

On April 23, 2008, Best wrote a letter to Judge Lynch advising him of the exchange with Mr. Laddin and that he was requesting Verizon's consent to a 30-day period to file the appellant's brief. On April 25, 2008, Mr. Laddin, notwithstanding his statement that he would be out of his office and not responding to Best's request until the following week, filed a motion to dismiss, without ever advising Best that Verizon would not consent to additional time. On June 4, 2008, an order was entered granting Verizon's motion to dismiss and Judgment was entered on June 5, 2008.

## ARGUMENT

Best respectfully contends that this Court overlooked both controlling principles of law and material facts when granting Verizon's motion to dismiss.

**Overlooked Principles of Law**

The fifteen-day period in which Best had to file its appellant's brief pursuant to Fed.R.Bank.Pro. 8009 never started to run as Mr. Gilmer, (nor apparently its former attorney in the Bankruptcy Court, Mr. Miller) was ever sent a notice of the docketing of the appeal by the clerk

3

for this Court. This Court dismissed the appeal because Best was aware of the docketing of the appeal. However, under the controlling principle of law in this circuit, knowledge of the docketing of the appeal is irrelevant. (*See In re: Enron Corp.*, 475 F.3d 131, 133 (2d Cir. 2007)). The triggering of the fifteen-day period in which to file an appellant's brief hinges on the sending of the notice of the docketing of appeal to the attorney of record *by the clerk's office for the district court*, ". . . the fact that the *district court clerk* had not sent notice to [Mr. Gilmer] of the docketing means that for [Best]'s appeal Rule 8009's fifteen-day clock never began to run. *In re: Enron Corp.*, at 134 (emphasis supplied).

Another controlling principle of law overlooked is that an appeal should not be dismissed for lack of filing of an appellant's brief in the absence of bad faith, negligence, or indifference (*see In re Tampa Chain Co., Inc., Balaber-Strauss v. Reichard*, 835 F.2d 54 (2d Cir. 1987), *citing In re Beverly Manufacturing Corp.*, 778 F.2d 666, at 667-68 (11th Cir. 1985). Best displayed none of these, it wrote to Judge Lynch advising him that Best would be requesting 30 days to file its appellant's brief within two days of Judge Lynch's chambers contacting Mr. Gilmer. While it is true that Best did not make a motion for an extension to file its appellant brief, it did request 30 days in which to do so in its letter to Judge Lynch as well as in its response to Verizon's motion to dismiss.

Additionally, the application of the stipulation before the resolution of the balance of Best's Objection to Verizon's Proof of Claim also violates the controlling principle of law that the resolution of an objection to a proof of claim is only final when all of its components are addressed (*see In re Fugazy Express, Inc.*, 982 F.2d 769, 775-776 (2d Cir. 1992)). The application of the stipulation was premature, especially in light of its plain language that it would be applied to a

4

final, non-appealable order (*see* Opinion and Order p. 3 in 05-cv-10793, dated March 14, 2006), as the amount of Verizon's claim could have been reduced if not eliminated. Without resolution of Best's remaining setoffs, it should not have even been considered an appealable order, let alone a final, non-appealable order.

Furthermore, this Court had stated that it took into account that: "[the] appeal seeks review of the Bankruptcy Court's decision on a narrow remand for specific factfinding, a subject on which the standard of review is narrow." However, if the stipulation in question is to be interpreted as the Bankruptcy Court did, then Best's remaining setoffs would not be resolved, possibly resulting in Verizon being paid more than its tariff allows. This would be a violation of law (*see Porr, v. NYNEX*, 230 A.D.2d 564, 569 ("The rights as defined by the tariff cannot be varied or enlarged by either contract or tort of the carrier") (*citing Keogh v Chicago & Northwestern Ry. Co.,* (260 US 156, 163).

**Overlooked Material Facts**

This Court stated that: "the 'long and litigious' history of this proceeding needs to be taken into account . . . [t]his litigation has been pending for more than five years and, as pointed out by Verizon, Best has repeatedly missed filing deadlines." However, the litigation has been pending for five years by virtue of: 1) Verizon not filing a response to Best's Objection to Verizon's Proof of Claim until eleven months after Best filed its Objection (and then filing its response only when the Bankruptcy Court ordered it to do so); 2) the Bankruptcy Court bifurcating the Objection; 3) Verizon failing to file an affidavit after being directed to do so by the Bankruptcy Court; 4) Verizon filing an inadequate affidavit; 5) Verizon filing a supplemental affidavit which conflicted with the original affidavit, that was filed belatedly; and 6) this Court's remand of the Bankruptcy

Court's initial decision related to the application of a stipulation.

Furthermore, Best has not "repeatedly" missed filing deadlines, Verizon's statement is unsupported as there was no citation to anything by Verizon. In the first appeal to this Court, the Court accepted that Mr. Miller did not receive the notice of docketing; and in this appeal, it is not disputed that Mr. Gilmer was not sent the notice of docketing from the clerk's office.

## CONCLUSION
**BEST PAYPHONE INC.'S MOTION FOR RECONSIDERATION SHOULD BE GRANTED AND THE DISMISSAL OF THE APPEAL SHOULD BE WITHDRAWN**

Dated: Brooklyn, New York  Respectfully submitted,
    June 19, 2008  /s/ George M. Gilmer
        GEORGE M. GILMER, ESQ. (GG-5479)