IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------X
                                                           :
In re                                                      :
                                                           :
BEST PAYPHONES, INC.,                                      :   Case No. 01-B-15472 (SMB)
                                                           :
                              Debtor.                      :
-----------------------------------------------------------X
                                                           :
BEST PAYPHONES, INC.,                                      :
                                                           :
                              Appellant,                   :
                                                           :
        v.                                                 :   Civil Action No. 08-2553 (GEL)
                                                           :
VERIZON NEW YORK INC.,                                     :
                                                           :
                              Appellee.                    :
-----------------------------------------------------------X
```

**VERIZON'S RESPONSE IN OPPOSITION TO BEST PAYPHONES, INC.'S
MOTION FOR RECONSIDERATION**

Verizon New York Inc. ("Verizon") hereby submits this brief in opposition to the Motion for Reconsideration filed by Best Payphones, Inc. ("Best"). For the foregoing reasons, the Court should deny Best's Motion.

**I. Introduction**

This Court entered an Order on June 5, 2008 granting Verizon's Motion to Dismiss Best's most recent appeal from the United States Bankruptcy Court for the Southern District of New York (the "June 5 Order"). A copy of the June 5 Order is attached hereto as Exhibit A. The June 5 Order noted that the appeal was filed with the Bankruptcy Court on November 15, 2007, was docketed in the Southern District of New York on March 14, 2008, and that Best was

contacted by the Court on April 21, 2008 about filing an appellate brief. At the time the Court entered the June 5 Order, "[m]ore than six months [had] passed since Best filed its initial notice of appeal, more than seventy days [had] passed since the entry of that appeal on this Court's docket, and more than thirty-five days [had] passed since Best's counsel was reminded of the docketing. Yet to date, Best [had] not filed an appeal, nor [had] it formally moved to extend its time to file such an appeal." (Order of June 5, 2008).

Two weeks after the Court entered the June 5 Order, Best filed a Motion for Reconsideration with this Court, reasserting the same excuses for its tardiness and assigning fault and blame to everyone other than itself. In its most recent filing, Best again (1) raises the issue of whether Best's attorneys, Mayne Miller or George Gilmer, received notice of the docketing of the appeal; (2) complains that Verizon's counsel filed its Motion to Dismiss Best's Appeal on Friday, April 25, 2008, rather than waiting until the following week; and (3) asserts that the 15-day period for filing an appellate brief pursuant to Fed.R.Bank.Pro. 8009 never started to run because this Court did not send Best's current counsel, George Gilmer, a written notice of the docketing. To date, Best still has never submitted an appellate brief or formally moved to extend its time to file such a brief. Best's arguments continue to be meritless, and they provide no basis for reconsidering the June 5 Order.[1]

## II. Argument and Citation of Authority

"Generally, motions for reconsideration [under Rule 59] are not granted unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." In

---

[1]   Best's Notice of Motion purports to schedule a hearing on the Motion for July 18, 2008. Local Rule 6.3 provides, however, that "[n]o oral argument shall be heard unless the court directs that the matter shall be reargued orally." Verizon's counsel has been informed by the Court's Chambers that no hearing has been scheduled by the Court, and Verizon does not believe that a hearing is necessary to resolve the issues raised in Best's Motion.

re BDC 56 LLC, 330 F.3d 111, 123 (2nd Cir. 2003) (internal quotations and citation omitted). Such motions should only be granted where necessary "to correct a clear error of law or prevent manifest injustice." Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2nd Cir. 2004) (citations omitted). Best has failed to point to any controlling decisions or data that the court overlooked, much less that would correct a "clear error of law" or prevent "manifest injustice," and thus, the Court should deny Best's Motion for Reconsideration.

### A. Verizon's Response to Best's Alleged "Overlooked Principles of Law"

Best relies on In re Enron Corp., 475 F.3d 131 (2nd Cir. 2007), for the proposition that the 15-day period to file an appellate brief pursuant to Rule 8009 never started to run because this Court never sent a written notice of the docketing to Mr. Gilmer. Best previously cited Enron in its opposition to Verizon's Motion to Dismiss, and the Court has already considered Best's reliance on that case. See Best's Memorandum of Law in Opposition to Verizon's Motion to Dismiss ("Best's Brief in Opposition"), pp. 3-4. Best's interpretation of Enron is misleading and inaccurate, and applying Best's interpretation of the rule would lead to an absurd result in this case. Enron merely states that the 15-day period does not start to run when the appeal is actually docketed, but instead begins to run when the district court provides notice of the docketing to the parties. In re Enron Corp. at 134. Thus, even assuming that the notice originally sent to both parties by this Court was in some way deficient (which was not the case), the Court's phone call to Mr. Gilmer on April 21, 2008 was entirely sufficient to trigger the 15-day period for Best to file its brief.

Best argues further that the Court "overlooked" the principle of law that "an appeal should not be dismissed for lack of filing of an appellant's brief in the absence of bad faith, negligence, or indifference." Best's Memorandum of Law, p. 4. This is precisely the same

argument that Best raised in its brief in opposition to Verizon's Motion to Dismiss. See Best's Brief in Opposition, p. 4. Best's argument ignores the fact that this Court has already considered this argument, and that the June 5 Order specifically references Best's negligence and indifference in failing to file its brief within the required time period. The Court correctly and specifically found that Best "has previously been reminded by this Court of the clear requirements of Rule 8009(a)(1), and its failure to abide by the rule a second time is neither explicable nor excusable." The Court added that "the preparation of a brief should not be difficult" and that "Best has had more than six months to craft its brief and refine its arguments, and has only itself to blame for the failure to file a timely appeal."

Finally, Best introduces a convoluted argument with regard to the underlying appeal itself, which is wholly irrelevant to whether the Court properly dismissed Best's appeal after Best repeatedly failed to file an appellate brief. Best asserts that the application of the Stipulation between Best and Verizon before resolving "the balance of Best's Objection[s]" was "premature," "possibly resulting in Verizon being paid more than its tariff allows." Best's Motion, pp. 4-5. This argument introduces no "controlling decisions or data that [this Court] overlooked" in concluding that Best failed to file a timely appellate brief; nor would Best's conclusory and unsupported statements provide any basis for overruling the Bankruptcy Court's factual findings.

### B. Verizon's Response to Best's Alleged "Overlooked Material Facts"

Best's "overlooked material facts" consist simply of Best's contention that Verizon, and not Best, is to blame for the "long and litigious" history of this litigation. Again, Best made the same argument in opposition to Verizon's Motion to Dismiss. See Best's Brief in Opposition, p. 3. And again, this argument is inaccurate and confusing, especially in light of Orders entered

both by this Court and the Bankruptcy Court with respect to Best's dilatory conduct and inappropriate delays (and warning of sanctions if such conduct continued).

As the Court is aware, Best has a history in this Court and the Bankruptcy Court of failing to comply with deadlines and repeatedly requesting extensions. Best previously submitted a motion for an extension with this Court in a related appeal. See Case No. 05 Civ. 6531. As recognized in the June 5 Order, this Court granted Best's previous motion for an extension "with some hesitation," noting that Best's motion was filed "close to three months after its brief was due" and that the conduct of Best's counsel in that matter was "sorely deficient." See Case No. 05 Civ. 6531, Order of November 3, 2005. Following the November 3, 2005 Order, Best again sought a modification of this Court's briefing schedule. In a January 31, 2006 Order, this Court denied Best's request, stating: "This case has been repeatedly delayed. The Court has made clear that further extensions will not be granted." A copy of Best's request and the Order are attached hereto as Exhibit B.

Two Orders entered by the Bankruptcy Court on May 23, 2008, while relating to Best's dispute with another party, also speak volumes about Best's inappropriate conduct and delays generally. See Case No. 01-B-15472, Orders of May 23, 2008. The first Order states that Best "appears unable to accept the finality of the Court's adverse rulings, and wants yet another bite of an apple that the debtor has already chewed to the core." The Order emphasizes that the Bankruptcy Court will not "entertain any further motions for reconsideration" filed by Best. A copy of this Order is attached hereto as Exhibit C. The Bankruptcy Court's second Order was in response to a letter from Mr. Gilmer seeking additional time to file a reply brief. The Bankruptcy Court concluded that Best had made the decision "not to file a timely reply," rejected Mr. Gilmer's request, and warned that Best "ought to reconsider further [motions for

reconsideration], or face the possibility of sanctions." A copy of this Order is attached hereto as Exhibit D.[2]

In short, Best's attempt to re-cast blame for delay is nothing new, is inaccurate, and does not demonstrate a "clear error of law" or "manifest injustice."

### III. Conclusion

For the foregoing reasons, Verizon respectfully requests that this Court deny Best's Motion for Reconsideration.

Dated: July 1st, 2008

                              Respectfully submitted,

                              ARNALL GOLDEN GREGORY LLP

                              /s/Darryl S. Laddin
                              Darryl S. Laddin (DL-5130)
                              Frank N. White (Georgia Bar No. 753377)

                              171 17th Street NW, Suite 2100
                              Atlanta, GA 30363-1031
                              (404) 873-8500

                              Attorneys for Verizon New York Inc.

---

[2] Best appears to be unmoved by the reprimands and warnings of this Court and the Bankruptcy Court, and continues to file baseless motions for reconsideration which further delay this litigation and result in prejudice to Verizon. Verizon has spent years responding to such meritless and frivolous appeals and motions filed by Best and, as a result, has incurred excessive litigation expenses. This Court has the "inherent power to award attorneys fees as a sanction for bad-faith conduct." See Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991) (holding that "a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons"). It would be appropriate for the Court to exercise its power here, and to award Verizon its attorneys fees for having to respond to Best's Motion.

## CERTIFICATE OF SERVICE

      I hereby certify that on the 1st day of July, 2008, I caused to be served the foregoing document by causing true and correct copies of same, enclosed securely in separate postage pre-paid envelopes, to be delivered by first class mail to the following:

      George M. Gilmer, Esq.
      943 Fourth Avenue
      Brooklyn, NY 11232

      /s/Darryl S. Laddin
      Darryl S. Laddin

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re: BEST PAYPHONES, INC.,                :    Case No. 01-B-15472 (SMB)
                                            :
                Debtor.                     :
------------------------------------------------------------x
BEST PAYPHONES, INC.,                       :
                                            :
                Appellant,                  :
                                            :    08 Civ. 2553 (GEL)
        -against-                           :
                                            :    **ORDER**
VERIZON NEW YORK, INC.,                     :
                                            :
                Appellee.                   :
                                            :
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/2/08

GERARD E. LYNCH, District Judge:

    On November 15, 2007, appellant Best Payphones filed a notice of appeal from a November 5, 2007, order of Bankruptcy Judge Stuart M. Bernstein. On March 14, 2008, this notice of appeal was docketed in the Southern District of New York. Best was contacted by Court personnel on April 21, 2008, and notified that the appeal had been docketed, but has yet to file its brief. By motion dated April 25, 2008, appellee Verizon New York moves to dismiss Best's appeal. That motion will be granted.

    Fed. R. Bankr. P. 8009(a)(1) states that "[t]he appellant shall serve and file a brief within 15 days after entry of appeal on the docket." More than six months have passed since Best filed its initial notice of appeal, more than seventy days have passed since entry of that appeal on this Court's docket, and more than thirty-five days have passed since Best's counsel was reminded of the docketing. Yet to date, Best has not filed an appeal, nor has it formally moved to extend its time to file such an appeal.[1]

    Had Best filed a proper motion to extend time, it would nonetheless be denied. In other circumstances, this Court might have been more forgiving. In fact, in other circumstances, this Court has been more forgiving. In a related matter, by order dated November 3, 2005, this Court granted Best's motion to extend time to file its appeal from an order in the same underlying bankruptcy matter. (No. 05 Civ. 6531, Order of November 3, 2005.) The Court noted that Best

---

[1] By letter dated April 23, 2008, Best requested that the Court "allow the parties until the end of next week to agree on a briefing schedule and submit it to the Court." (Letter of George M. Gilmer, Esq., to the Court, dated April 23, 2008.) However, no such briefing schedule materialized.

filed its motion for an extension of time "close to three months after its brief was due," that the conduct of Best's counsel had been "sorely deficient," and that the extension was granted "[w]ith some hesitation." (Id.) Best has been reminded by this Court of the clear requirements of Rule 8009(a)(1), and its failure to abide by the rule a second time is neither explicable nor excusable.

Earlier this year, Best retained new counsel, who has represented Best in the underlying Bankruptcy matter at least as of February 3, 2008. In opposing Verizon's motion to dismiss the appeal, Best notes that, by virtue of certain mis-information from the Southern District of New York Bankruptcy Clerk's office, its new counsel did not initially receive notice of the docketing of its appeal. Best argues that the fifteen-day period of Rule 8009(a)(1) is only triggered once the appeal has been docketed and notice of the docketing has been sent to all parties. (Best Reply 3-4.) Even assuming this to be true, the fifteen-day period would have begun to run after Best's new counsel was notified of the docketing of the appeal – which occurred more than a month ago.

Finally, the "long and litigious" history of this proceeding needs to be taken into account. (No. 05 Civ. 6531, Opinion and Order of March 14, 2006, at 17.) This litigation has been pending for more than five years and, as pointed out by Verizon, Best has repeatedly missed filing deadlines. The present appeal seeks review of the Bankruptcy Court's decision on a narrow remand for specific factfindings (id.), a subject on which the standard of review is narrow and for which the preparation of a brief should not be difficult. In such circumstances, allowing yet more delay has little or no equitable appeal.

The docketing of this appeal, and the corresponding obligation to file a timely brief, can come as no surprise to Best, the party that filed the notice of appeal in the first place. Best has had more than six months to craft its brief and refine its arguments, and has only itself to blame for the failure to file a timely brief. Accordingly, it is hereby ORDERED that Verizon's motion to dismiss Best's appeal is granted.

SO ORDERED.

Dated: New York, New York
       June 2, 2008

_____
GERARD E. LYNCH
United States District Judge

Case 1:08-cv-02553-GEL    Document 19-3    Filed 07/01/2008    Page 1 of 1
01/27/2006  14:11  2172371207        WAYWILMAN:EHUC        PAGE 01
Case 1:05-cv-06531-GEL    Document 16    Filed 01/31/2006    Page 1 of 1

# MAYNE MILLER
### ATTORNEY AT LAW
57 Chrystie Street
P.O. Box 8050, G.P.O.
New York, NY 10116
(917) 237-1207/(212) 425-3158

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/31/06

<u>VIA FAX 212-805-0436</u>                              January 27, 2006
Hon. Gerard E. Lynch
United States District Judge
Southern District of New York
500 Pearl Street, Room 910
New York, NY 10007

                        re: *In re Best Payphones, Inc. (Best Payphones, Inc. v. Verizon New York, Inc.)* 05-Civ-6531 and 05-Civ-10793 (GEL)

Dear Judge Lynch:

I represent the Debtor-Appellant, Best Payphones, Inc. ("Best"), in the above-referenced consolidated bankruptcy appeals. I write, with the consent of Best's adversary, Verizon New York, Inc. ("Verizon"), <u>to request a modification in the present briefing schedule</u>. As per the scheduling order signed by Your Honor on January 6, 2006, Best was to serve and file its initial brief on January 11, 2006, which it did. Said scheduling order was modified from the initial scheduling order because of, among other reasons, an injury that I had sustained (I am also still coping with other issues described in my letter to Your Honor dated December 28, 2005). Subsequent to modifying the original scheduling order I had to request modifications to schedules involving other matters, including the filing of Best's initial brief in an unrelated consolidated appeal to the Second Circuit now due on February 22.

Therefore, both parties respectfully request that Verizon be permitted to serve and file its opposing brief, presently due on February 2, on February 23; and I therefore request that Best be permitted to serve and file its reply brief, presently due on February 13, on March 8. No previous request for a modification of the present scheduling order has been made. A proposed Revised Scheduling Order is annexed.

Thank you for your consideration.

                        Yours respectfully,

                        /s/ Mayne Miller
                        Mayne Miller, Esq. (MM4106)

cc:    Darryl Laddin, Esq.(by fax)

*[Handwritten annotation:]* Denied. This case has been repeatedly delayed. The Court has made clear that further extensions will not be granted.

SO ORDERED
/s/ Gerard E. Lynch
GERARD E. LYNCH, U.S.D.J.
1/30/06

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                    :
                                                          :   Confirmed Chapter 11
      BEST PAYPHONES, INC.                              :   Case No. 01-15472 (SMB)
                                                          :
             Debtor                                :
----------------------------------------------------------X

## MEMORANDUM ENDORSEMENT AND ORDER
## DENYING REQUEST BY MICHAEL CHAITE TO APPROVE A
## BRIEFING SCHEDULE ON MOTION FOR RECONSIDERATION

      By letter dated May 20, 2008, Michael Chaite, the debtor's president and sole shareholder, and co-proponent of the confirmed plan, advised the Court that he intends to file a motion under Federal Bankruptcy Rule 3008 to reconsider the allowance of the claim filed by the Manhattan Telecommunications Corporation ("MetTel"). The letter asked the Court to approve a proposed briefing schedule. For the reasons that follow, the Court refuses his request.

      The debtor filed this chapter 11 case on October 23, 2001, and confirmed a 100% plan in December 2002. MetTel previously provided dial tone service to the debtor's pay telephones, and filed a proof of claim consisting of liquidated and unliquidated amounts. The debtor objected to the MetTel claim, and the two have been engaged in contentious litigation during the past six years. The litigation has spawned, among other things, a motion for summary judgment, several motions or requests for reconsideration and at least two trials.[1] In the process, the Court has issued several written decisions. The debtor's objection to the MetTel claim has now been completely resolved; on March 20, 2008, the Court entered a final judgment in the sum of $388,988.76 in MetTel's favor.

      The debtor reacted to the final judgment in two ways. On March 31, 2008, it filed a motion for reargument and reconsideration. On the same day, it filed a notice of appeal from the final judgment. It has not perfected the appeal, and is presumably awaiting the disposition of the reconsideration motion, which is sub judice. Notwithstanding this long history of extensive litigation, Chaite says he intends to file yet another motion for reconsideration of the allowance of the MetTel claim, this time in his own name.

      Section 502(j) permits the Court to reconsider the allowance or disallowance of a claim "for cause." Accord FED. R. BANKR. P. 3008. Nevertheless, "[r]econsideration of a claim that has been previously allowed or disallowed after objection is discretionary with the court." FED. R. BANKR. P. 3008 advisory committee's note (1983); accord Colley v. National Bank of Texas (In re Colley), 814 F.2d 1008, 1010 (5th Cir.)("[T]he bankruptcy court's discretion in deciding whether to reconsider a claim is virtually plenary, as the court may decline to reconsider without a hearing or notice to the parties involved."), cert. denied, 484 U.S. 898 (1987). The basis of Chaite's motion remains a mystery, but in the exercise of my discretion, I decline to set a briefing schedule because I will not reconsider the allowance of MetTel's claim in response to Chaite's motion.

      Chaite and the debtor are indistinguishable. He is its sole shareholder, and has been actively involved in the debtor's pursuit of its own objections. He has attended every, or nearly every, conference or hearing during the past six-and-one half years, and the debtor has requested numerous adjournments or extensions based upon his unavailability or indisposition. I have observed Chaite in Court and at conferences, and it is obvious that he has had substantial input into the formulation and presentation of the debtor's arguments and positions.

---

[1]     In addition, the debtor filed four appeals that were eventually dismissed. (See 03 Civ. 4504 (LAP); 07 Civ. 2268 (LAP); 07 Civ. 6170 (PKC); 08 Civ. 2554 (PKC).)

The debtor has already made several motions for reconsideration, has another one pending, and has appealed from the final judgment. Given Chaite's connection to and control of the debtor and its bankruptcy case, it is difficult to imagine any point that Chaite could raise that the debtor did not or chose not to argue. For that matter, he could join in the debtor's pending motion for reconsideration. Simply put, he appears unable to accept the finality of the Court's adverse rulings, and wants yet another bite of an apple that the debtor has already chewed to the core.

Furthermore, any additional motion practice of the type contemplated by Chaite would delay the payment of MetTel's claim, a claim that has been pending for six years. Under the plan that Chaite co-proposed, disputed claims are not paid until a final order is issued resolving the dispute. Thus, MetTel cannot receive any distribution under the plan until all appeals from the allowance of the MetTel claim are finally decided. Chaite's proposed motion for reconsideration will certainly generate another round of appellate review.

After six years of contentious litigation, the issues separating MetTel and the debtor have been resolved. The final judgment is already the subject of the debtor's motion for reconsideration and an appeal. Accordingly, the Court will not approve the proposed briefing schedule or entertain any further motions for reconsideration.

SO ORDERED.

Dated:   New York, New York
         May 23, 2008

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:                                              :
                                                    :    Confirmed Chapter 11
    BEST PAYPHONES, INC.                         :    Case No. 01-15472 (SMB)
                                                    :
                  Debtor               :
------------------------------------------------------X

## MEMORANDUM ENDORSEMENT AND ORDER
## DENYING LEAVE TO FILE A REPLY BRIEF

      After six years of litigation, the Court entered a final judgment allowing the claim filed by the Manhattan Telecommunications Corporation ("MetTel") in the sum of $388,988.76. The debtor filed a motion for reconsideration, and also filed an appeal. MetTel opposed the motion for reconsideration, and cross-moved for sanctions.

      The debtor did not formally reply to MetTel's opposition. Instead, it decided to make a motion to strike MetTel's opposition and the cross-motion for sanctions. When MetTel opposed the debtor's new motion, the debtor filed a reply to that opposition.

      The Court conducted a hearing on the motion to strike on May 15, 2008. It struck the cross-motion without prejudice for procedural reasons, but denied the motion to strike the opposition to the reconsideration motion.

      By letter dated May 19, 2008, the debtor's counsel, George Gilmer, Esq., asked for permission to submit a substantive reply to MetTel's opposition to the debtor's motion for reconsideration. He suggested that the pending cross-motion for sanctions affected his decision not to file a timely reply, and contended that the debtor would be "highly prejudiced" should his request be denied, although he does not explain why.

      The debtor had ample opportunity to submit a substantive response but made the tactical decision not to do so. The debtor's motion for reconsideration was scheduled for submission on April 21, 2008. After MetTel served its reply on April 14, 2008 (or on April 15, 2008, according to the debtor), the debtor had until April 21st to file a reply. Instead, it filed a meritless motion to strike the opposition without also replying to that opposition. Although the Court struck the cross-motion – which was included in the same pleading as MetTel's opposition – the cross-motion had nothing to do with the relative merits of the reconsideration motion and did not affect the submission date.

      Accordingly, the request for leave to file a reply to the consideration motion is denied. In addition, the May 19th letter states that the debtor "is considering making a motion for reconsideration." I assume this relates to the denial of the motion to strike the opposition. The latter motion was utterly baseless, and the debtor ought to reconsider further reconsideration, or face the possibility of sanctions.

      SO ORDERED.

Dated:  New York, New York
           May 23, 2008

                                              /s/ *Stuart M. Bernstein*
                                              STUART M. BERNSTEIN
                                     Chief United States Bankruptcy Judge