UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                    :
In the matter of                            :         **Case No. 01-B-15472 (SMB)**
                                    :         **Chapter 11**
BEST PAYPHONES, INC.,            :
                     Debtor    :
                                  :
-----------------------------------------------------------------x
                                :
BEST PAYPHONES, INC.,           :         **Docket No. 08-CV-2553 (GEL)**
                                  :
             Debtor-Appellant,    :
  -against-                          :         **REPLY MEMORANDUM**
                                :         **OF LAW IN SUPPORT OF**
                                :         **MOTION FOR**
                                :         **RECONSIDERATION**
VERIZON NEW YORK, INC.,       :
                                :
             Claimant-Appellee.   :
                                :
-----------------------------------------------------------------x

Submitted by:

George M. Gilmer, Esq. (GG-5479)
943 Fourth Avenue
Brooklyn, New York 11232
(718) 788-0100
Attorney for Best Payphones, Inc.

Best Payphones, Inc. ("Best") pointed out in its opening brief that the Court overlooked that: 1) in accordance with controlling Second Circuit precedent, the fifteen-day period in which an appellant has to file its brief under Rule 8009 is not triggered unless *the clerk for the district court* sends a notice of docketing of the appeal to the parties (*see* p. 3-4 of Best's opening brief); and 2) Mr. Gilmer, the attorney of record for Best at the time the appeal was transmitted from the Bankruptcy Court to the District Court,[1] never received any notice of the docketing of the appeal from the clerk's office[2] (nor is there any docket entry to support the position that Mr. Gilmer should have considered himself notified pursuant to Rule 8007(b)).

In the "Argument and Citation to Authority" section of Verizon's Response it wrote:

> ". . . even assuming that the notice originally sent to both parties by this Court was in some way deficient (which was not the case), the Court's call to Mr. Gilmer on April 21, 2008 was entirely sufficient to trigger the 15-day period for Best to file its brief."

However, Verizon fails to cite a decision - - and none has been found - - that supports the position that a call from chambers is "entirely sufficient" to trigger the 15-day period in which an appellant's brief has to be filed in accordance with Rule 8009. The plain language of Rule 8007(b) reads: "On receipt of the transmission the clerk of the district court . . . shall enter the appeal in the docket and give notice promptly to all parties." Therefore, since Best was never notified in accordance with Rule 8007(b), the fifteen-day period in which Best had to file its appellant's brief pursuant to Rule 8009 never started.

---

[1] The clerk's office in the Bankruptcy Court withheld transmitting the notice of appeal to the District Court because there was a stay as a result of the withdrawal of Best's then-attorney (*see* Dkt. No. 750 in 01-B-15472 (SMB)).

[2] Mayne Miller, Best's former attorney, also apparently did not receive a notice of docketing from the clerk's office as the address listed for Mr. Miller on the Docket Sheet is an invalid one.

## CONCLUSION

## BEST PAYPHONE INC.'S MOTION FOR RECONSIDERATION SHOULD BE GRANTED AND THE DISMISSAL OF THE APPEAL SHOULD BE WITHDRAWN

| | |
|---|---|
| Dated: Brooklyn, New York<br>July 14, 2008 | Respectfully submitted,<br>/s/ George M. Gilmer<br>GEORGE M. GILMER, ESQ. (GG-5479) |