UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re: BEST PAYPHONES, INC.,                           :          Case No. 01-B-15472 (SMB)
                                                       :
                    Debtor.                            :
-------------------------------------------------------------x
BEST PAYPHONES, INC.,                                  :
                                                       :
                    Appellant,                         :
                                                       :          08 Civ. 2553 (GEL)
        -against-                                      :
                                                       :          **ORDER**
VERIZON NEW YORK, INC.,                                :
                                                       :
                    Appellee.                          :
                                                       :
-------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

        Appellant Best Payphones asks this Court to reconsider its order dated June 2, 2008,
granting appellee Verizon New York's motion to dismiss Best's appeal due to Best's failure to
comply with Fed. R. Bankr. P. 8009(a)(1), which requires that "[t]he appellant shall serve and
file a brief within 15 days after entry of appeal on the docket." Best insists that the fifteen-day
period does not begin to run until the appellant receives notice from "the district court clerk."
Here, Best admits that its attorney of record "was contacted by the chambers of the Honorable
Gerard E. Lynch on Monday April 21, 2008," and notified of the docketing of the appeal.
(Best's Opposition to Verizon's Motion to Dismiss 2.) However, Best insists that this notice was
insufficient, and claims that Glatzer v. Enron (In re Enron Corp.), 475 F.3d 131 (2d Cir. 2007),
prevents this Court from dismissing this appeal for failure to comply with Rule 8009.

        In Glatzer, the district judge dismissed an appeal from an order of the bankruptcy court,
viewing "the docketing of [an] appeal alone as sufficient to start Rule 8009's fifteen-day clock
running." Id. at 132-33. The Second Circuit reversed, concluding that Rule 8009(a)(1) is "only
triggered once the appeal has been docketed in the district court *and* notice of the docketing of
the appeal has been sent to all parties." Id. at 134 (emphasis in original). In contrast to Glatzer,
this Court did not "premise[] its decision to dismiss [Best's] appeal on the view that the
docketing of the appeal was itself sufficient to start the fifteen-day clock." Id. at 134. Instead,
this Court simply held that Best's deadline expired at least fifteen days after "notice [was] sent"
to Best by a district court clerk regarding the docketing of the appeal. Id. at 134-35.

        An appellant should not be punished for the mistakes of others outside of its knowledge
and control, but this is not such a case. Best had actual notice of the docketing and still failed to
file within fifteen days. On Best's theory, even now, more than eight months after Best filed its
notice of appeal, more than four months after that appeal was docketed, and three months after

receiving actual notice from court personnel, Best's fifteen-day clock still has not even begun.
Rule 1001 of the Federal Rules of Bankruptcy Procedure instructs the Court to construe and
administer those rules "to secure the just, speedy, and inexpensive determination of every case
and proceeding." Glatzer does not mandate an interpretation of Rule 8009 as a rigid and
unflexible as Best proposes. Best has only itself to blame for its failure to file a timely brief, and
a contrary ruling would only reward Best for its dilatory tactics.

The Court has considered Best's other arguments, and they are without merit.

Accordingly, it is hereby ORDERED that Best's motion for reconsideration is denied.

SO ORDERED.

Dated: New York, New York
     July 21, 2008

 

GERARD E. LYNCH
United States District Judge

2